**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MERCK SHARP & DOHME CORP.,<br><br>*Plaintiff,*<br><br>v.<br><br>WATSON LABORATORIES, INC., TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES LTD.,<br><br>*Defendants.* | C.A. No. ____________________ |

**COMPLAINT**

Plaintiff Merck Sharp & Dohme Corp. ("Merck"), by its attorneys, for its Complaint, alleges as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of defendant's submission of Abbreviated New Drug Application ("ANDA") Nos. 202327 and 202365 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import versions of JANUVIA® (sitagliptin phosphate) and JANUMET® (metformin hydrochloride; sitagliptin phosphate) prior to the expiration of U.S. Patent No. 7,326,708 ("the '708 patent") and U.S. Patent No. 8,414,921 ("the '921 patent").

2. Watson Laboratories, Inc. notified Merck by letter dated January 6, 2011 ("Watson's '327 Notice Letter") that it had submitted to the FDA ANDA No. 202327 ("Watson's '327 ANDA"), seeking approval from the FDA to engage in the commercial



ME1 29533305v.1

manufacture, use, offering for sale, sale, and/or importation of generic sitagliptin phosphate oral tablets ("Watson's '327 ANDA Product") prior to the expiration of the '708 patent.

3. On information and belief, Watson's '327 ANDA Product is a generic version of Merck's JANUVIA®.

4. Watson Laboratories, Inc. notified Merck by letter dated February 7, 2011 ("Watson's First '365 Notice Letter") that it had submitted to the FDA ANDA No. 202365 ("Watson's '365 ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic metformin hydrochloride and sitagliptin phosphate oral tablets ("Watson's '365 ANDA Product") prior to the expiration of the '708 patent.

5. Watson Laboratories, Inc. notified Merck by letter dated October 29, 2014 ("Watson's Second '365 Notice Letter") it had amended Watson's '365 ANDA to additionally seek approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of Watson's '365 ANDA Product prior to the expiration of the '921 patent.

6. On information and belief, Watson's '365 ANDA Product is a generic version of Merck's JANUMET®.

7. Watson's '327 Notice Letter, Watson's First '365 Notice Letter, and Watson's Second '365 Notice Letter are collectively referred to herein as "Watson's Notice Letters." Watson's '327 ANDA and Watson's '365 ANDA are collectively referred to herein as "Watson's ANDAs." Watson's '327 ANDA Product and Watson's '365 ANDA Product are collectively referred to herein as "Watson's ANDA Products."

## PARTIES

8. Plaintiff Merck is a corporation organized and existing under the laws of New Jersey, having its corporate offices and principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

9. Merck is the holder of New Drug Application ("NDA") No. 21995 for JANUVIA® (sitagliptin phosphate), which has been approved by the FDA.

10. Merck is the holder of NDA No. 22044 for JANUMET® (metformin hydrochloride; sitagliptin phosphate), which has been approved by the FDA.

11. On information and belief, defendant Watson Laboratories, Inc. ("Watson") is a corporation organized and existing under the laws of State of Nevada, having its principal place of business at Morris Corporate Center III, 400 Interspace Parkway, Parsippany, New Jersey 07054. On information and belief, Watson is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs for the U.S. market.

12. On information and belief, defendant Teva Pharmaceuticals USA, Inc. ("Teva USA") is a corporation organized and existing under the laws of State of Delaware, having its principal place of business at 425 Privet Road, Horsham, Pennsylvania 19044, and 1090 Horsham Road, North Wales, Pennsylvania 19454. On information and belief, Teva USA is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs for the U.S. market, including through various operating subsidiaries, including Watson.

13. On information and belief, defendant Teva Pharmaceutical Industries Ltd. ("Teva Israel") is a corporation organized and existing under the laws of Israel, having its principal place of business at 5 Basel Street, P.O. Box 3190, Petach Tikva, 49131, Israel. On information and belief, Teva Israel is in the business of, among other things, manufacturing and selling generic

versions of branded pharmaceutical drugs through various operating subsidiaries, including Teva USA and Watson.

14. On information and belief, Watson is a wholly owned subsidiary of Teva USA, and Teva USA is a wholly owned subsidiary of Teva Israel. Teva USA and Teva Israel are collectively referred to herein as "Teva." Watson, Teva USA, and Teva Israel are collectively referred to herein as "Defendants."

15. On information and belief, Watson and/or Teva prepared and submitted Watson's ANDAs to the FDA, and have acted in concert to seek FDA approval of Watson's ANDAs.

16. On information and belief, Watson and Teva know and intend that upon approval of Watson's ANDAs, Watson and Teva will act in concert to manufacture, market, sell, and distribute Watson's ANDA Products throughout the United States, including in Delaware. On information and belief, Watson and Teva are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Watson's ANDA Products, and enter into agreements that are nearer than arm's length. On information and belief, Watson and Teva participated, assisted, and cooperated in carrying out the acts complained of herein.

17. On information and belief, following any FDA approval of Watson's ANDAs, Watson and Teva will act in concert to distribute and sell Watson's ANDA Products throughout the United States, including within Delaware.

## JURISDICTION

18. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

19. This Court has personal jurisdiction over each of Defendants.

20. Watson is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that

it should reasonably anticipate being haled into court here. On information and belief, Watson develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

21. Teva USA is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Teva USA is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Teva USA develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware

22. Teva Israel is subject to personal jurisdiction in Delaware because, among other things, Teva Israel, itself and through its wholly owned subsidiaries Teva USA and Watson, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, Teva Israel, itself and through its wholly owned subsidiaries Teva USA and Watson, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware. In

addition, Teva Israel is subject to personal jurisdiction in Delaware because, on information and belief, it controls and dominates Teva USA and Watson and therefore the activities of Teva USA and Watson in this jurisdiction are attributed to Teva Israel.

23. In addition, this Court has personal jurisdiction over Defendants because Watson and Teva regularly engage in patent litigation concerning FDA-approved branded drug products in this district, do not contest personal jurisdiction in this district, and have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g., Sanofi-Aventis U.S. LLC v. Watson Labs., Inc.*, No. 16-1298-GMS, D.I. 16 (D. Del. Feb. 24, 2017); *Amgen, Inc. v. Watson Labs., Inc.*, No. 16-855-MSG, D.I. 14 (D. Del. Nov. 18, 2016); *AstraZeneca LP v. Watson Labs., Inc.*, No. 16-338-RGA, D.I. 10 (D. Del. May 20, 2016); *Alcon Research, Ltd. v. Watson Labs., Inc.*, No. 16-238-RGA, D.I. 15 (D. Del. June 7, 2016); *see also, e.g., Teva Pharms. USA, Inc. v. Amneal Pharmaceuticals LLC*, No. 17-992-GMS, D.I. 1 (D. Del. Jan. 25, 2017) (Teva USA and Teva Israel); *see also, e.g.*, *Valeant Pharms. Int'l v. Actavis Labs. FL, Inc.*, No. 18-1288-LPS, D.I. 33 (D. Del. Sept. 17, 2018) (Teva USA and Teva Israel); *Galderma Labs. L.P. v. Teva Pharms. USA, Inc.*, No. 17-1783-RGA, D.I. 70 (D. Del. Jan. 5, 2018) (Teva USA); *Onyx Therapeutics, Inc. v. Teva Pharms USA, Inc.*, No. 17-449-LPS, D.I. 9 (D. Del. May 17, 2017) (Teva USA); *BioDelivery Sciences Int'l, Inc. v. Teva Pharms USA, Inc.*, No. 17-282-GMS, D.I. 8, 10 (D. Del. May 2 & 4, 2017) (Teva USA and Teva Israel); *Arena Pharms., Inc. v. Teva Pharms. USA, Inc.* No. 17-231-RGA (D. Del. Mar. 28, 2017) (Teva USA); *Bayer HealthCare LLC v. Teva Pharms. USA, Inc.*, No. 16-1221-LPS, D.I. 10 (D. Del. Feb. 21, 2017) (Teva USA); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, No. 16-648-RGA, D.I. 13 (D. Del. Aug. 19, 2016) (Teva USA).

24. On information and belief, if Watson's ANDAs are approved, Watson and Teva will act in concert to manufacture, market, sell, and/or distribute Watson's ANDA Products within the United States, including in Delaware, consistent with Watson and Teva's practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Watson and Teva regularly do business in Delaware, and their practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. On information and belief, Watson and Teva's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. On information and belief, Watson's ANDA Products will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Merck's patent in the event that Watson's ANDA Products are approved before the patent expires.

25. On information and belief, Watson and Teva derive substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Watson and/or Teva, and/or for which Watson and/or Teva is/are the named applicant(s) on approved ANDAs. On information and belief, various products for which Watson and/or Teva is/are the named applicant(s) on approved ANDAs are available at retail pharmacies in Delaware.

## VENUE

26. Merck incorporates each of the preceding paragraphs 1–25 as if fully set forth herein.

27. Venue is proper in this district as to Watson under 28 U.S.C. § 1391 because Watson is subject to personal jurisdiction in this judicial district, has previously consented to

venue in this judicial district, and on information and belief will consent to venue for the purpose of this case.

28. Venue is proper in this district as to Teva USA under 28 U.S.C. § 1400(b) because Teva USA is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

29. Venue is proper in this district as to Teva Israel under 28 U.S.C. § 1391 because Teva Israel is a corporation organized and existing under the laws of Israel and is subject to personal jurisdiction in this judicial district.

## THE ’708 PATENT

30. Merck incorporates each of the preceding paragraphs 1–29 as if fully set forth herein.

31. The inventors named on the ’708 patent are Stephen Howard Cypes, Alex Minhua Chen, Russell R. Ferlita, Karl Hansen, Ivan Lee, Vicky K. Vydra, and Robert M. Wenslow, Jr.

32. The ’708 patent, entitled “Phosphoric Acid Salt of a Dipeptidyl Peptidase-IV Inhibitor” (attached as Exhibit A), was duly and legally issued on February 5, 2008.

33. Merck is the owner and assignee of the ’708 patent.

34. The ’708 patent claims, *inter alia*, a dihydrogenphosphate salt of 4-oxo-4-[3-(trifluoromethyl)-5,6-dihydro[1,2,4]triazolo[4,3-a]pyrazin-7(8H)-yl]-1-(2,4,5-trifluorophenyl)butan-2-amine of structural formula I, or a hydrate thereof, as recited in claim 1 of the ’708 patent.

35. JANUVIA®, as well as methods of using JANUVIA®, are covered by one or more claims of the ’708 patent, including claim 1 of the ’708 patent, and the ’708 patent has been listed in connection with JANUVIA® in the FDA’s Orange Book.

36. JANUMET®, as well as methods of using JANUMET®, are covered by one or more claims of the ’708 patent, including claim 1 of the ’708 patent, and the ’708 patent has been listed in connection with JANUMET® in the FDA’s Orange Book.

**THE ’921 PATENT**

37. Merck incorporates each of the preceding paragraphs 1–36 as if fully set forth herein.

38. The inventors named on the ’921 patent are Ashkan Kamali, Laman Alani, Kyle A. Fliszar, Soumojeet Ghosh, and Monica Tijerina.

39. The ’921 patent, entitled “Pharmaceutical Compositions of Combinations of Dipeptidyl Peptidase-4 Inhibitors with Metformin” (attached as Exhibit B), was duly and legally issued on April 9, 2013.

40. Merck is the owner and assignee of the ’921 patent.

41. The ’921 patent claims, *inter alia*, a pharmaceutical composition comprising: (a) about 3 to 20% by weight of sitagliptin, or a pharmaceutically acceptable salt thereof; (b) about 25 to 94% by weight of metformin hydrochloride; (c) about 0.1 to 10% by weight of a lubricant; (d) about 0 to 35% by weight of a binding agent; (e) about 0.5 to 1% by weight of a surfactant; and (f) about 5 to 15% by weight of a diluent, as recited in claim 1 of the ’921 patent.

42. JANUMET®, as well as methods of using JANUMET®, are covered by one or more claims of the ’921 patent, including claim 1 of the ’921 patent, and the ’921 patent has been listed in connection with JANUMET® in the FDA’s Orange Book.

**COUNT I – INFRINGEMENT OF THE ’708 PATENT**
**(WATSON’S ’327 ANDA PRODUCT)**

43. Merck incorporates each of the preceding paragraphs 1–42 as if fully set forth herein.

44. In Watson's '327 Notice Letter, Defendants notified Merck of the submission of Watson's '327 ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Watson's '327 ANDA Product prior to the expiration of the '708 patent.

45. In Watson's '327 Notice Letter, Defendants also notified Merck that, as part of its ANDA, Defendants had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the '708 patent. On information and belief, Defendants submitted Watson's '327 ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Watson's '327 ANDA Product.

46. In Watson's '327 Notice Letter, Defendants stated that Watson's '327 ANDA Product contains sitagliptin phosphate as an active ingredient.

47. Watson's '327 ANDA Product, and the use of Watson's '327 ANDA Product, are covered by one or more claims of the '708 patent, including at least claim 1 of the '708 patent, because claim 1 of the '708 patent covers the sitagliptin phosphate contained in Watson's '327 ANDA Product.

48. In Watson's '327 Notice Letter, Defendants did not contest infringement of claim 1 of the '708 patent.

49. Defendants' submission of Watson's '327 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Watson's '327 ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

50. On information and belief, Defendants will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Watson's '327 ANDA Product immediately and imminently upon approval of its ANDA.

51. The manufacture, use, sale, offer for sale, or importation of Watson's '327 ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

52. On information and belief, the manufacture, use, sale, offer for sale, or importation of Watson's '327 ANDA Product in accordance with, and as directed by its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

53. On information and belief, Defendants plan and intend to, and will, actively induce infringement of the '708 patent when Watson's '327 ANDA is approved, and plan and intend to, and will, do so immediately and imminently upon approval. Defendants' activities will be done with knowledge of the '708 patent and specific intent to infringe that patent.

54. On information and belief, Defendants know that Watson's '327 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '708 patent, that Watson's '327 ANDA Product is not a staple article or commodity of commerce, and that Watson's '327 ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Defendants plan and intend to, and will, contribute to infringement of the '708 patent immediately and imminently upon approval of Watson's '327 ANDA.

55. Notwithstanding Defendants' knowledge of the claims of the '708 patent, Defendants have continued to assert its intent to manufacture, offer for sale, sell, distribute,

and/or import Watson's '327 ANDA Product with its product labeling following FDA approval of Watson's '327 ANDA prior to the expiration of the '708 patent.

56. The foregoing actions by Defendants constitute and/or will constitute infringement of the '708 patent; active inducement of infringement of the '708 patent; and contribution to the infringement by others of the '708 patent.

57. On information and belief, Defendants have acted with full knowledge of the '708 patent and without a reasonable basis for believing that Defendants would not be liable for infringement of the '708 patent; active inducement of infringement of the '708 patent; and/or contribution to the infringement by others of the '708 patent.

58. Merck will be substantially and irreparably damaged by infringement of the '708 patent.

59. Unless Defendants are enjoined from infringing the '708 patent, actively inducing infringement of the '708 patent, and contributing to the infringement by others of the '708 patent, Merck will suffer irreparable injury. Merck has no adequate remedy at law.

**COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '708 PATENT (WATSON'S '327 ANDA PRODUCT)**

60. Merck incorporates each of the preceding paragraphs 1–59 as if fully set forth herein.

61. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Defendants on the other regarding Defendants' infringement, active inducement of infringement, and contribution to the infringement by others of the '708 patent.

62. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Watson's '327 ANDA Product with its proposed labeling, or any other

drug product of Defendants that is covered by or whose use is covered by the ’708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the ’708 patent, and that the claims of the ’708 patent are valid.

**COUNT III – INFRINGEMENT OF THE ’708 PATENT**
**(WATSON’S ’365 ANDA PRODUCT)**

63. Merck incorporates each of the preceding paragraphs 1–62 as if fully set forth herein.

64. In Watson’s First ’365 Notice Letter, Defendants notified Merck of the submission of Watson’s ’365 ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Watson’s ’365 ANDA Product prior to the expiration of the ’708 patent.

65. In Watson’s First ’365 Notice Letter, Defendants also notified Merck that, as part of its ANDA, Defendants had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the ’708 patent. On information and belief, Defendants submitted Watson’s ’365 ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the ’708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Watson’s ’365 ANDA Product.

66. In Watson’s First ’365 Notice Letter, Defendants stated that Watson’s ’365 ANDA Product contains sitagliptin phosphate as an active ingredient.

67. Watson’s ’365 ANDA Product, and the use of Watson’s ’365 ANDA Product, are covered by one or more claims of the ’708 patent, including at least claim 1 of the ’708 patent, because claim 1 of the ’708 patent covers the sitagliptin phosphate contained in Watson’s ’365 ANDA Product.

68. In Watson's First '365 Notice Letter, Defendants did not contest infringement of claim 1 of the '708 patent.

69. Defendants' submission of Watson's '365 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Watson's '365 ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

70. On information and belief, Defendants will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Watson's '365 ANDA Product immediately and imminently upon approval of its ANDA.

71. The manufacture, use, sale, offer for sale, or importation of Watson's '365 ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

72. On information and belief, the manufacture, use, sale, offer for sale, or importation of Watson's '365 ANDA Product in accordance with, and as directed by its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

73. On information and belief, Defendants plan and intend to, and will, actively induce infringement of the '708 patent when Watson's '365 ANDA is approved, and plan and intend to, and will, do so immediately and imminently upon approval. Defendants' activities will be done with knowledge of the '708 patent and specific intent to infringe that patent.

74. On information and belief, Defendants know that Watson's '365 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '708 patent, that Watson's '365 ANDA Product is not a staple article or commodity of commerce, and that

Watson's '365 ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Defendants plan and intend to, and will, contribute to infringement of the '708 patent immediately and imminently upon approval of Watson's '365 ANDA.

75. Notwithstanding Defendants' knowledge of the claims of the '708 patent, Defendants have continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Watson's '365 ANDA Product with its product labeling following upon FDA approval of Watson's '365 ANDA prior to the expiration of the '708 patent.

76. The foregoing actions by Defendants constitute and/or will constitute infringement of the '708 patent; active inducement of infringement of the '708 patent; and contribution to the infringement by others of the '708 patent.

77. On information and belief, Defendants have acted with full knowledge of the '708 patent and without a reasonable basis for believing that Defendants would not be liable for infringement of the '708 patent; active inducement of infringement of the '708 patent; and/or contribution to the infringement by others of the '708 patent.

78. Merck will be substantially and irreparably damaged by infringement of the '708 patent.

79. Unless Defendants are enjoined from infringing the '708 patent, actively inducing infringement of the '708 patent, and contributing to the infringement by others of the '708 patent, Merck will suffer irreparable injury. Merck has no adequate remedy at law.

**COUNT IV – DECLARATORY JUDGMENT**
**OF INFRINGEMENT OF THE '708 PATENT**
**(WATSON'S '365 ANDA PRODUCT)**

80. Merck incorporates each of the preceding paragraphs 1–79 as if fully set forth herein.

81. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Defendants on the other regarding Defendants' infringement, active inducement of infringement, and contribution to the infringement by others of the '708 patent.

82. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Watson's '365 ANDA Product with its proposed labeling, or any other drug product of Defendants that is covered by or whose use is covered by the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '708 patent, and that the claims of the '708 patent are valid.

**COUNT V – INFRINGEMENT OF THE '921 PATENT**
**(WATSON'S '365 ANDA PRODUCT)**

83. Merck incorporates each of the preceding paragraphs 1–82 as if fully set forth herein.

84. In Watson's Second '365 Notice Letter, Defendants notified Merck of the submission of Watson's '365 ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Watson's '365 ANDA Product prior to the expiration of the '921 patent.

85. In Watson's Second '365 Notice Letter, Defendants also notified Merck that, as part of its ANDA, Defendants had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the '921 patent. On information and belief, Defendants submitted Watson's '365 ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '921 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Watson's '365 ANDA Product.

86. Watson's '365 ANDA Product, and the use of Watson's '365 ANDA Product, are covered by one or more claims of the '921 patent, including at least claim 1 of the '921 patent, because the composition of Watson's '365 ANDA Product includes the same or equivalent ingredients as recited in claim 1 of the '921 patent in the same or equivalent amounts.

87. In Watson's Second '365 Notice Letter, Defendants did not contest infringement of claim 1 of the '921 patent.

88. Defendants' submission of Watson's '365 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Watson's '365 ANDA Product before the expiration of the '921 patent was an act of infringement of the '921 patent under 35 U.S.C. § 271(e)(2)(A).

89. On information and belief, Defendants will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Watson's '365 ANDA Product immediately and imminently upon approval of its ANDA.

90. The manufacture, use, sale, offer for sale, or importation of Watson's '365 ANDA Product would infringe one or more claims of the '921 patent, including at least claim 1 of the '921 patent.

91. On information and belief, the manufacture, use, sale, offer for sale, or importation of Watson's '365 ANDA Product in accordance with, and as directed by its proposed product labeling would infringe one or more claims of the '921 patent, including at least claim 1 of the '921 patent.

92. On information and belief, Defendants plan and intend to, and will, actively induce infringement of the '921 patent when Watson's '365 ANDA is approved, and plan and

intend to, and will, do so immediately and imminently upon approval. Defendants' activities will be done with knowledge of the '921 patent and specific intent to infringe that patent.

93. On information and belief, Defendants know that Watson's '365 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '921 patent, that Watson's '365 ANDA Product is not a staple article or commodity of commerce, and that Watson's '365 ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Defendants plan and intend to, and will, contribute to infringement of the '921 patent immediately and imminently upon approval of Watson's '365 ANDA.

94. Notwithstanding Defendants' knowledge of the claims of the '921 patent, Defendants have continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Watson's '365 ANDA Product with its product labeling following upon FDA approval of Watson's '365 ANDA prior to the expiration of the '921 patent.

95. The foregoing actions by Defendants constitute and/or will constitute infringement of the '921 patent; active inducement of infringement of the '921 patent; and contribution to the infringement by others of the '921 patent.

96. On information and belief, Defendants have acted with full knowledge of the '921 patent and without a reasonable basis for believing that Defendants would not be liable for infringement of the '921 patent; active inducement of infringement of the '921 patent; and/or contribution to the infringement by others of the '921 patent.

97. Merck will be substantially and irreparably damaged by infringement of the '921 patent.

98. Unless Defendants are enjoined from infringing the ’921 patent, actively inducing infringement of the ’921 patent, and contributing to the infringement by others of the ’921 patent, Merck will suffer irreparable injury. Merck has no adequate remedy at law.

**COUNT VI – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’921 PATENT (WATSON’S ’365 ANDA PRODUCT)**

99. Merck incorporates each of the preceding paragraphs 1–98 as if fully set forth herein.

100. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Defendants on the other regarding Defendants’ infringement, active inducement of infringement, and contribution to the infringement by others of the ’921 patent.

101. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Watson’s ’365 ANDA Product with its proposed labeling, or any other drug product of Defendants that is covered by or whose use is covered by the ’921 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the ’921 patent, and that the claims of the ’921 patent are valid.

**PRAYER FOR RELIEF**

WHEREFORE, Merck requests the following relief:

(a) A judgment that the ’708 patent has been infringed under 35 U.S.C. § 271(e)(2) by Defendants’ submissions to the FDA of Watson’s ANDAs;

(b) A judgment ordering that the effective date of any FDA approval of the commercial manufacture, use, or sale of Watson’s ANDA Products, or any other drug product that infringes or the use of which infringes the ’708 patent, be not earlier than the latest of the

expiration date of the ’708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A preliminary and permanent injunction enjoining Defendants, and all persons acting in concert with Defendants, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Watson’s ANDA Products, or any other drug product covered by or whose use is covered by the ’708 patent, prior to the expiration of the ’708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Watson’s ANDA Products, or any other drug product that is covered by or whose use is covered by the ’708 patent, prior to the expiration of the ’708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of, the ’708 patent;

(e) A judgment that the ’921 patent has been infringed under 35 U.S.C. § 271(e)(2) by Defendants’ submission to the FDA of Watson’s ’365 ANDA;

(f) A judgment ordering that the effective date of any FDA approval of the commercial manufacture, use, or sale of Watson’s ’365 ANDA Product, or any other drug product that infringes or the use of which infringes the ’921 patent, be not earlier than the latest of the expiration date of the ’921 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(g) A preliminary and permanent injunction enjoining Defendants, and all persons acting in concert with Watson, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Watson’s ’365 ANDA Product, or any other drug product covered by or whose use is covered by the ’921 patent, prior to the expiration of the ’921 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(h) A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Watson's '365 ANDA Product, or any other drug product that is covered by or whose use is covered by the '921 patent, prior to the expiration of the '921 patent, will infringe, induce the infringement of, and contribute to the infringement by others of, the '921 patent;

(i) A declaration that this is an exceptional case and an award of attorney's fees pursuant to 35 U.S.C. § 285;

(j) Costs and expenses in this action; and

(k) Such further and other relief as this Court may deem just and proper.

Dated: February 13, 2019

Respectfully submitted,

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff*
*Merck Sharpe & Dohme Corp.*

OF COUNSEL:

Bruce R. Genderson
Jessamyn S. Berniker
Stanley E. Fisher
Shaun P. Mahaffy
Anthony H. Sheh
Jingyuan Luo*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
T: (202) 434-5000
F: (202) 434-5029
bgenderson@wc.com
jberniker@wc.com
sfisher@wc.com
smahaffy@wc.com
asheh@wc.com
jluo@wc.com

*Admitted only in CA. Practice supervised by D.C. Bar members pursuant to D.C. Court of Appeals Rule 49(c)(8).