**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MERCK SHARP & DOHME CORP,<br><br>Plaintiff,<br><br>v.<br><br>WATSON LABORATORIES, INC. and TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendants. | ) | C.A. No. 19-cv-00317-RGA |

**WATSON LABORATORIES, INC. AND TEVA PHARMACEUTICALS USA, INC.**
**ANSWER, DEFENSES, AND COUNTERCLAIMS**

Defendants Watson Laboratories, Inc. ("Watson") and Teva Pharmaceuticals USA, Inc. ("Teva USA") hereby submit their Answer, Defenses, and Counterclaims ("Answer") to the February 13, 2019 Complaint for Patent Infringement ("Complaint") filed by Merck Sharp & Dohme ("Merck" or "Plaintiff"), in the above-captioned action. Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent any allegations in the complaint are directed to Teva Ltd., no response is required from Teva USA or Watson. Pursuant to Federal Rule of Civil Procedure 8(b)(3), Teva USA and Watson deny every allegation not expressly admitted herein.

**ANSWER TO COMPLAINT**

Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. Teva USA and Watson deny all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from admitted facts. Teva USA and Watson deny that Plaintiff is entitled to any relief requested or any other relief.

Teva USA and Watson, through their attorneys, answer as follows:

**1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of defendants' submission of Abbreviated New Drug Application ("ANDA") Nos. 202327 and 202365 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import versions of JANUVIA® (sitagliptin phosphate) and JANUMET® (metformin hydrochloride; sitagliptin phosphate) prior to the expiration of U.S. Patent No. 7,326,708 ("the '708 patent") and U.S. Patent No. 8,414,921 ("the '921 patent").**

**ANSWER**: Paragraph 1 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Teva USA and Watson admit that the Complaint purports to state claims for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202, that arise from Watson's submission of Abbreviated New Drug Application ("ANDA") Nos. 202327 and 202365 to the U.S. Food and Drug Administration ("FDA"), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation respectively of (a) sitagliptin phosphate oral tablets, and (b) metformin hydrochloride; sitagliptin phosphate oral tablets prior to the expiration of U.S. Patent No. 7,326,708 ("the '708 patent") and U.S. Patent No. 8,414,921 ("the '921 patent"). Teva USA and Watson deny any and all remaining allegations of Paragraph 1.

**2. Watson Laboratories, Inc. notified Merck by letter dated January 6, 2011 ("Watson's '327 Notice Letter") that it had submitted to the FDA ANDA No. 202327 ("Watson's '327 ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic sitagliptin phosphate oral tablets ("Watson's '327 ANDA Product") prior to the expiration of the '708 patent.**

**ANSWER**: To the extent that these allegations are directed to Watson, no response is required from Teva USA. Watson admits that it sent a letter dated January 6, 2011 ("Watson's '327 Notice Letter") to Merck notifying Merck that Watson had submitted to the FDA ANDA

No. 202327 ("Watson's '327 ANDA") for Sitagliptin Phosphate, 25 mg, 50 mg and 100 mg, tablets ("Watson's '327 ANDA Product"), seeking approval to engage in commercial manufacture, use, or sale of Watson's '327 ANDA Product prior to the expiration of the '708 patent. Teva USA and Watson deny any and all remaining allegations of Paragraph 2.

**3. On information and belief, Watson's '327 ANDA Product is a generic version of Merck's JANUVIA®.**

**ANSWER**: To the extent that these allegations are directed to Watson, no response is required from Teva USA. Watson admits that it has submitted to the FDA ANDA No. 202327 ("Watson's '327 ANDA") for Sitagliptin Phosphate, 25 mg, 50 mg and 100 mg, tablets ("Watson's '327 ANDA Product"), seeking approval to engage in commercial manufacture, use, or sale of Watson's '327 ANDA Product. Teva USA and Watson deny any and all remaining allegations of Paragraph 3.

**4. Watson Laboratories, Inc. notified Merck by letter dated February 7, 2011 ("Watson's First '365 Notice Letter") that it had submitted to the FDA ANDA No. 202365 ("Watson's '365 ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic metformin hydrochloride and sitagliptin phosphate oral tablets ("Watson's '365 ANDA Product") prior to the expiration of the '708 patent.**

**ANSWER**: To the extent that these allegations are directed to Watson, no response is required from Teva USA. Watson admits that it sent a letter dated February 7, 2011 ("Watson's First '365 Notice Letter") to Merck notifying Merck that Watson had submitted to the FDA ANDA No. 202365 ("Watson's '365 ANDA") to obtain approval to engage in the commercial manufacture, use or sale of Sitagliptin Phosphate and Metformin Hydrochloride, 50 mg/500 mg and 50 mg/1000 mg, tablets ("Watson's '365 ANDA Product"). Teva USA and Watson deny any and all remaining allegations of Paragraph 4.

**5. Watson Laboratories, Inc. notified Merck by letter dated October 29, 2014 ("Watson's Second '365 Notice Letter") it had amended Watson's '365 ANDA to additionally seek approval from the FDA to engage in the commercial manufacture, use,**

**offering for sale, sale, and/or importation of Watson's '365 ANDA Product prior to the expiration of the '921 patent.**

**ANSWER**: To the extent that these allegations are directed to Watson, no response is required from Teva USA. Watson admits that it sent a letter dated October 29, 2014 ("Watson's Second '365 Notice Letter") to Merck notifying Merck that ANDA No. 202365 ("Watson's '365 ANDA") had been amended to contain an amended Paragraph IV certification to obtain approval to engage in the commercial manufacture, use or sale of Sitagliptin Phosphate/Metformin Hydrochloride Tablets, 50 mg/500 mg and 50 mg/1000 mg, before the expiration of the '921 Patent. Teva USA and Watson deny any and all remaining allegations of Paragraph 5.

**6. On information and belief, Watson's '365 ANDA Product is a generic version of Merck's JANUMET®.**

**ANSWER**: To the extent that these allegations are directed to Watson, no response is required from Teva USA. Watson admits that Watson has submitted to the FDA ANDA No. 202365 ("Watson's '365 ANDA") to obtain approval to engage in the commercial manufacture, use or sale of Sitagliptin Phosphate and Metformin Hydrochloride, 50 mg/500 mg and 50 mg/1000 mg, tablets ("Watson's '365 ANDA Product"). Teva USA and Watson deny any and all remaining allegations of Paragraph 6.

**7. Watson's '327 Notice Letter, Watson's First '365 Notice Letter, and Watson's Second '365 Notice Letter are collectively referred to herein as "Watson's Notice Letters." Watson's '327 ANDA and Watson's '365 ANDA are collectively referred to herein as "Watson's ANDAs." Watson's '327 ANDA Product and Watson's '365 ANDA Product are collectively referred to herein as "Watson's ANDA Products."**

**ANSWER**: Paragraph 7 does not contain any allegations to which an answer is required. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent an answer is required, Teva USA and Watson admit that Plaintiff seeks to collectively refer to Watson's '327 Notice Letter, Watson's First '365 Notice Letter, and Watson's Second '365 Notice Letter as "Watson's Notice Letters," collectively refer to Watson's

’327 ANDA and Watson’s ’365 ANDA as “Watson’s ANDAs,” and collectively refer to Watson’s ’327 ANDA Product and Watson’s ’365 ANDA Product as “Watson’s ANDA Products.” Teva USA and Watson deny any and all remaining allegations of Paragraph 7.

**PARTIES**

**8. Plaintiff Merck is a corporation organized and existing under the laws of New Jersey, having its corporate offices and principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.**

**ANSWER**: Paragraph 8 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, on information and belief, Teva USA and Watson admit that Merck is a corporation organized and existing under the laws of New Jersey, having its corporate offices and principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

**9. Merck is the holder of New Drug Application (“NDA”) No. 21995 for JANUVIA® (sitagliptin phosphate), which has been approved by the FDA.**

**ANSWER**: Paragraph 9 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Teva USA and Watson admit that the electronic version of FDA’s publication, *Approved Drug Products with Therapeutic Equivalence Evaluations* (colloquially, “Orange Book”), identifies “MERCK SHARP AND DOHME CORP.” as the “Applicant Holder” for approved New Drug Application (“NDA”) No. 021995 for JANUVIA® (sitagliptin phosphate). Teva USA and Watson deny any and all remaining allegations of Paragraph 9.

**10. Merck is the holder of NDA No. 22044 for JANUMET® (metformin hydrochloride; sitagliptin phosphate), which has been approved by the FDA.**

**ANSWER**: Paragraph 10 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Teva USA and Watson admit that the electronic version of FDA’s Orange Book identifies “MERCK SHARP AND DOHME CORP.” as the

"Applicant Holder" for approved NDA No. 022044 for JANUMET® (metformin hydrochloride; sitagliptin phosphate). Teva USA and Watson deny any and all remaining allegations of Paragraph 10.

**11. On information and belief, defendant Watson Laboratories, Inc. ("Watson") is a corporation organized and existing under the laws of State of Nevada, having its principal place of business at Morris Corporate Center III, 400 Interspace Parkway, Parsippany, New Jersey 07054. On information and belief, Watson is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs for the U.S. market.**

**ANSWER**: Paragraph 11 contains legal conclusions and allegations to which no answer is required. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent an answer is required, Watson admits that Watson Laboratories, Inc. is a corporation organized and existing under the laws of Nevada, having its principal place of business at Morris Corporate Center III, 400 Interspace Parkway, Parsippany, New Jersey 07054. Watson further admits that it manufactures and sells generic drug products in the United States. Teva USA and Watson deny any and all remaining allegations of Paragraph 11.

**12. On information and belief, defendant Teva Pharmaceuticals USA, Inc. ("Teva USA") is a corporation organized and existing under the laws of State of Delaware, having places of business at 425 Privet Road, Horsham, Pennsylvania 19044, and 1090 Horsham Road, North Wales, Pennsylvania 19454. On information and belief, Teva USA is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs for the U.S. market.**

**ANSWER**: Paragraph 12 contains legal conclusions and allegations to which no answer is required. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Teva USA admits that Teva USA is a corporation organized and existing under the laws of State of Delaware, having places of business at 425 Privet Road, Horsham, Pennsylvania 19044, and 1090 Horsham Road, North Wales, Pennsylvania 19454. Teva USA further admits that Teva USA manufactures and sells

generic drug products in the United States. Teva USA and Watson deny any and all remaining allegations of Paragraph 12.

**13. On information and belief, defendant Teva Pharmaceutical Industries Ltd. ("Teva Israel") is a corporation organized and existing under the laws of the Israel, having its principal place of business at 5 Basel Street, P.O. Box 3190, Petach Tikva, 49131, Israel. On information and belief, Teva Israel is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Teva USA.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. Teva USA admits that it sells generic pharmaceutical products in the United States. Teva USA and Watson deny any and all remaining allegations of Paragraph 13.

**14. On information and belief, Watson is a wholly owned subsidiary of Teva USA, and Teva USA is a wholly owned subsidiary of Teva Israel. Teva USA and Teva Israel are collectively referred to herein as "Teva." Watson, Teva USA, and Teva Israel are collectively referred to herein as "Defendants."**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent that a response is required, Teva USA and Watson admit that Watson is a wholly owned subsidiary of Teva USA. Further answering, Teva USA admits that Teva USA is a wholly owned subsidiary of Teva Ltd. Teva USA and Watson deny any and all remaining allegations of Paragraph 14.

**15. On information and belief, Watson and/or Teva prepared and submitted Watson's ANDAs to the FDA, and have acted in concert to seek FDA approval of Watson's ANDAs.**

**ANSWER**: Paragraph 15 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Watson admits that it submitted its ANDAs to the FDA seeking approval to engage in the commercial manufacture, use, or sale of Watson's ANDA Products. Teva USA and Watson admit that Watson is a wholly owned subsidiary of Teva USA. Teva USA and Watson deny any and all remaining allegations of Paragraph 15.

**16. On information and belief, Watson and Teva know and intend that upon approval of Watson's ANDAs, Watson and Teva will act in concert to manufacture, market, sell, and distribute Watson's ANDA Products throughout the United States, including in Delaware. On information and belief, Watson and Teva are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Watson's ANDA Products, and enter into agreements that are nearer than arm's length. On information and belief, Watson and Teva participated, assisted, and cooperated in carrying out the acts complained of herein.**

**ANSWER**: Paragraph 16 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Watson admits that Watson's ANDAs seeks FDA approval to engage in the commercial manufacture, use, or sale of Watson's ANDA Products. Teva USA and Watson further admit that Watson is a wholly owned

subsidiary of Teva USA. Teva USA and Watson deny any and all remaining allegations of Paragraph 16.

**17. On information and belief, following any FDA approval of Watson's ANDAs, Watson and Teva will act in concert to distribute and sell Watson's ANDA Products throughout the United States, including within Delaware.**

**ANSWER**: Paragraph 17 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Watson admits that Watson's ANDAs seeks FDA approval to engage in the commercial manufacture, use, or sale of Watson's ANDA Products. Teva USA and Watson admit that Watson is a wholly owned subsidiary of Teva USA. Teva USA and Watson deny any and all remaining allegations of Paragraph 17.

## JURISDICTION

**18. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.**

**ANSWER**: Paragraph 18 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA and Watson. To the extent an answer is required, Teva USA and Watson admit that subject matter jurisdiction is proper solely for the claims asserted under 35 U.S.C. § 271(e)(2)(A). Teva USA and Watson deny any and all remaining allegations of Paragraph 18.

**19. This Court has personal jurisdiction over each of Defendants.**

**ANSWER**: Paragraph 19 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent an answer is required, Teva USA and Watson do not contest personal jurisdiction in this judicial district solely for the limited purposes of this action only for any claims properly before this Court.

**20. Watson is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, Watson develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.**

**ANSWER**: Paragraph 20 contains legal conclusions and allegations to which no answer is required. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent an answer is required, Watson admits that it manufactures and/or sells generic drug products in the United States, including in Delaware. Further answering, Watson does not contest personal jurisdiction in this judicial district solely for the limited purposes of this action only for any claims properly before this Court. Teva USA and Watson deny any and all remaining allegations of Paragraph 20.

**21. Teva USA is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Teva USA is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Teva USA develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.**

**ANSWER**: Paragraph 21 contains legal conclusions and allegations to which no answer is required. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Teva USA admits that it develops, manufactures, imports, offers to sell and/or sells generic drug products in the United States, including sales in Delaware. Further answering, Teva USA does not contest personal jurisdiction in this judicial district solely for the limited purposes of this action only for any claims properly before this Court. Teva USA and Watson deny any and all remaining allegations of Paragraph 21.

**22. Teva Israel is subject to personal jurisdiction in Delaware because, among other things, Teva Israel, itself and through its wholly owned subsidiary Teva USA, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, Teva Israel, itself and through its wholly owned subsidiary Teva USA, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware. In addition, Teva Israel is subject to personal jurisdiction in Delaware because, on information and belief, it controls and dominates Teva USA and therefore the activities of Teva USA in this jurisdiction are attributed to Teva Israel.**

**ANSWER**: Paragraph 22 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd.,

no response is required from Teva USA or Watson. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Teva USA admits that it develops, manufactures, imports, offers to sell and/or sells generic drug products in the United States, including sales in Delaware. Further answering, Teva USA does not contest personal jurisdiction in this judicial district solely for the limited purposes of this action only for any claims properly before this Court. Teva USA and Watson deny any and all remaining allegations of Paragraph 22.

**23. In addition, this Court has personal jurisdiction over Teva because Teva USA and Teva Israel regularly engage in patent litigation concerning FDA-approved branded drug products in this district, do not contest personal jurisdiction in this district, and/or have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g., Teva Pharms. USA, Inc. v. Amneal Pharmaceuticals LLC*, No. 17-992-GMS, D.I. 1 (D. Del. Jan. 25, 2017) (Teva USA and Teva Israel); *see also, e.g., Valeant Pharms. Int'l v. Actavis Labs. FL, Inc.*, No. 18-1288-LPS, D.I. 33 (D. Del. Sept. 17, 2018) (Teva USA and Teva Israel); *Galderma Labs. L.P. v. Teva Pharms. USA, Inc.*, No. 17-1783-RGA, D.I. 70 (D. Del. Jan. 5, 2018) (Teva USA); *Onyx Therapeutics, Inc. v. Teva Pharms USA, Inc.*, No. 17-449-LPS, D.I. 9 (D. Del. May 17, 2017) (Teva USA); *BioDelivery Sciences Int'l, Inc. v. Teva Pharms USA, Inc.*, No. 17-282-GMS, D.I. 8, 10 (D. Del. May 2 & 4, 2017) (Teva USA and Teva Israel); *Arena Pharms., Inc. v. Teva Pharms. USA, Inc.* No. 17-231-RGA (D. Del. Mar. 28, 2017) (Teva USA); *Bayer HealthCare LLC v. Teva Pharms. USA, Inc.*, No. 16-1221-LPS, D.I. 10 (D. Del. Feb. 21, 2017) (Teva USA); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, No. 16-648-RGA, D.I. 13 (D. Del. Aug. 19, 2016) (Teva USA).**

**ANSWER**: Paragraph 23 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Teva USA admits that it has asserted claims and counterclaims in *Teva Pharms. USA, Inc. v. Amneal Pharmaceuticals LLC,* No. 17-992-GMS, D.I. 1 (D. Del. Jan. 25, 2017); *Valeant*

*Pharms. Int'l v. Actavis Labs. FL, Inc.*, No. 18-1288-LPS, D.I. 33 (D. Del. Sept. 17, 2018); *Galderma Labs. L.P. v. Teva Pharms. USA, Inc.*, No. 17-1783-RGA, D.I. 70 (D. Del. Jan. 5, 2018); *Onyx Therapeutics, Inc. v. Teva Pharms USA, Inc.*, No. 17-449-LPS, D.I. 9 (D. Del. May 17, 2017); *BioDelivery Sciences Int'l, Inc. v. Teva Pharms USA, Inc.*, No. 17-282-GMS, D.I. 8, 10 (D. Del. May 2 & 4, 2017); *Arena Pharms., Inc. v. Teva Pharms. USA, Inc.*, No. 17-231-RGA (D. Del. Mar. 28, 2017); *Bayer HealthCare LLC v. Teva Pharms. USA, Inc.*, No. 16-1221-LPS, D.I. 10 (D. Del. Feb. 21, 2017); and *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, No. 16-648-RGA, D.I. 13 (D. Del. Aug. 19, 2016). Further answering, Teva USA does not contest personal jurisdiction in this judicial district solely for the limited purposes of this action only for any claims properly before this Court. Teva USA and Watson deny any and all remaining allegations of Paragraph 23.

**24. On information and belief, if Watson's ANDAs are approved, Watson and Teva will act in concert to manufacture, market, sell, and/or distribute Watson's ANDA Products within the United States, including in Delaware, consistent with Watson and Teva's practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Watson and Teva regularly do business in Delaware, and their practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. On information and belief, Watson and Teva's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. On information and belief, Watson's ANDA Products will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Merck's patent in the event that Watson's ANDA Products are approved before the patent expires.**

**ANSWER**: Paragraph 24 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations

are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Teva USA and Watson admit that they sell generic drug products in the United States, including in Delaware. Teva USA and Watson lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24, and therefore deny them.

**25. On information and belief, Watson and Teva derive substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Watson and/or Teva, and/or for which Watson and/or Teva is/are the named applicant(s) on approved ANDAs. On information and belief, various products for which Watson and/or Teva is/are the named applicant(s) on approved ANDAs are available at retail pharmacies in Delaware.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Teva USA and Watson admit that Teva USA and Watson sell generic drug products in the United States, including in Delaware. Teva USA and Watson lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25, and therefore deny them.

## VENUE

**26. Merck incorporates each of the preceding paragraphs 1–25 as if fully set forth herein.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. Teva USA and Watson restate and incorporate by reference each of their responses to Paragraphs 1-25, as if fully set forth herein.

**27. Venue is proper in this district as to Watson under 28 U.S.C. § 1391 because Watson is subject to personal jurisdiction in this judicial district, has previously consented to venue in this judicial district, and on information and belief will consent to venue for the purpose of this case.**

**ANSWER**: Paragraph 27 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent an answer is required, Watson does not contest personal jurisdiction and venue in this judicial district solely for the limited purposes of this action only for any claims properly before this Court. Teva USA and Watson deny any and all remaining allegations of Paragraph 27.

**28. Venue is proper in this district as to Teva USA under 28 U.S.C. § 1400(b) because Teva USA is a corporation organized and existing under the laws of the State of Delaware.**

**ANSWER**: Paragraph 28 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Teva USA admits that it is a Delaware corporation. Teva USA further answers that Teva USA does not contest venue in this judicial district solely for the limited purposes of this action only for any claims properly before this Court. Teva USA and Watson deny any and all remaining allegations of Paragraph 28.

**29. Venue is proper in this district as to Teva Israel under 28 U.S.C. § 1391 because Teva Israel is a corporation organized and existing under the laws of Israel and is subject to personal jurisdiction in this judicial district.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). Because these allegations are directed solely to Teva Ltd., no response is required from Teva USA or Watson.

## THE ’708 PATENT

**30. Merck incorporates each of the preceding paragraphs 1-29 as if fully set forth herein.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Teva USA and Watson restate and incorporate by reference each of its responses to Paragraphs 1-29, as if fully set forth herein.

**31. The inventors named on the ’708 patent are Stephen Howard Cypes, Alex Minhua Chen, Russell R. Ferlita, Karl Hansen, Ivan Lee, Vicky K. Vydra, and Robert M. Wenslow, Jr.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. Teva USA and Watson admit that Stephen Howard Cypes, Alex Minhua Chen, Russell R. Ferlita, Karl Hansen, Ivan Lee, Vicky K. Vydra, and Robert M. Wenslow, Jr. are listed as inventors on the face of the ’708 patent. Teva USA and Watson deny any and all remaining allegations of Paragraph 31.

**32. The ’708 patent, entitled “Phosphoric Acid Salt of a Dipeptidyl Peptidase-IV Inhibitor” (attached as Exhibit A), was duly and legally issued on February 5, 2008.**

**ANSWER**: Paragraph 32 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered

on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent an answer is required, Teva USA and Watson admit that according to the online records of the United States Patent and Trademark Office ("PTO"), the '708 patent, which is titled "Phosphoric Acid Salt of a Dipeptidyl Peptidase-IV Inhibitor," was issued on or about February 5, 2008. Teva USA and Watson also admit that Exhibit A to the Complaint purports to be a copy of the '708 patent. Teva USA and Watson deny any and all remaining allegations of Paragraph 32.

**33. Merck is the owner and assignee of the '708 patent.**

**ANSWER**: Paragraph 33 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent an answer is required, Teva USA and Watson admit that Merck & Co., Inc., Rahway, N.J. (U.S.) is listed as the "assignee" according to the online records of the PTO as well as on the face of the '708 patent. Teva USA and Watson lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them on that basis.

**34. The '708 patent claims, *inter alia*, a dihydrogenphosphate salt of 4-oxo-4-[3-(trifluoromethyl)-5,6-dihydro[1,2,4]triazolo[4,3-a]pyrazin-7(8H)-yl]-1-(2,4,5-trifluorophenyl)butan-2-amine of structural formula I, or a hydrate thereof, as recited in claim 1 of the '708 patent.**

**ANSWER**: Paragraph 34 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent an answer is required, Teva USA and Watson admit that claim 1 of the '708 patent states: "A dihydrogenphosphate salt of 4-

oxo-4-[3-(trifluoromethyl)-5,6-dihydro[1,2,4]triazolo[4,3-a]pyrazin-7(8H)-yl]-1-(2,4,5-trifluorophenyl)butan-2-amine of structural formula I: [formula (I)] or a hydrate thereof." Teva USA and Watson deny any and all remaining allegations of Paragraph 34.

**35. JANUVIA®, as well as methods of using JANUVIA®, are covered by one or more claims of the '708 patent, including claim 1 of the '708 patent, and the '708 patent has been listed in connection with JANUVIA® in the FDA's Orange Book.**

**ANSWER**: Paragraph 35 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent an answer is required, Teva USA and Watson admit that the electronic version of FDA's Orange Book publication lists the '708 patent as associated with NDA No. 021995 for JANUVIA® (sitagliptin phosphate). Teva USA and Watson deny any and all remaining allegations of Paragraph 35.

**36. JANUMET®, as well as methods of using JANUMET®, are covered by one or more claims of the '708 patent, including claim 1 of the '708 patent, and the '708 patent has been listed in connection with JANUMET® in the FDA's Orange Book.**

**ANSWER**: Paragraph 36 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent an answer is required, Teva USA and Watson admit that the electronic version of FDA's Orange Book publication lists the '708 patent as associated with NDA No. 0202270 for JANUMET® (metformin hydrochloride; sitagliptin phosphate). Teva USA and Watson deny any and all remaining allegations of Paragraph 36.

## THE ’921 PATENT

**37. Merck incorporates each of the preceding paragraphs 1–36 as if fully set forth herein.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Teva USA and Watson restate and incorporate by reference each of their responses to Paragraphs 1-36, as if fully set forth herein.

**38. The inventors named on the ’921 patent are Ashkan Kamali, Laman Alani, Kyle A. Fliszar, Soumojeet Ghosh, and Monica Tijerina.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent an answer is required, Teva USA and Watson admit that Ashkan Kamali, Laman Alani, Kyle A. Fliszar, Soumojeet Ghosh, and Monica Tijerina are listed as inventors on the face of the ’921 patent. Teva USA and Watson deny any and all remaining allegations of Paragraph 38.

**39. The ’921 patent, entitled “Pharmaceutical Compositions of Combinations of Dipeptidyl Peptidase-4 Inhibitors with Metformin” (attached as Exhibit B), was duly and legally issued on April 9, 2013.**

**ANSWER**: Paragraph 39 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent an answer is required, Teva USA and Watson admit that according to the online records of the United States Patent and

Trademark Office ("PTO"), the '921 patent, which is titled "Phosphoric Acid Salt of a Dipeptidyl Peptidase-IV Inhibitor," was issued on or about April 9, 2013. Teva USA and Watson also admit that Exhibit B to the Complaint purports to be a copy of the '921 patent. Teva USA and Watson deny any and all remaining allegations of Paragraph 39.

**40. Merck is the owner and assignee of the '921 patent.**

**ANSWER**: Paragraph 40 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent an answer is required, Teva USA and Watson admit that Merck & Co., Inc., Rahway, N.J. (U.S.) is listed as the "assignee" according to the online records of the PTO as well as on the face of the '921 patent. Teva USA and Watson lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them on that basis.

**41. The '921 patent claims, *inter alia*, a pharmaceutical composition comprising: (a) about 3 to 20% by weight of sitagliptin, or a pharmaceutically acceptable salt thereof; (b) about 25 to 94% by weight of metformin hydrochloride; (c) about 0.1 to 10% by weight of a lubricant; (d) about 0 to 35% by weight of a binding agent; (e) about 0.5 to 1% by weight of a surfactant; and (f) about 5 to 15% by weight of a diluent, as recited in claim 1 of the '921 patent.**

**ANSWER**: Paragraph 41 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent an answer is required, Teva USA and Watson admit that claim 1 of the '921 patent states: "A pharmaceutical composition comprising: (a) about 3 to 20% by weight of sitagliptin, or a pharmaceutically acceptable salt thereof; (b) about 25 to 94% by weight of metformin hydrochloride; (c) about 0.1 to 10% by

weight of a lubricant; (d) about 0 to 35% by weight of a binding agent; (e) about 0.5 to 1% by weight of a surfactant; and (f) about 5 to 15% by weight of a diluent." Teva USA and Watson deny any and all remaining allegations of Paragraph 41.

**42. JANUMET®, as well as methods of using JANUMET®, are covered by one or more claims of the '921 patent, including claim 1 of the '921 patent, and the '921 patent has been listed in connection with JANUMET® in the FDA's Orange Book.**

**ANSWER**: Paragraph 42 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent an answer is required, Teva USA and Watson admit that the electronic version of FDA's Orange Book publication lists the '921 patent as associated with NDA No. 0202270 for JANUMET® (metformin hydrochloride; sitagliptin phosphate). Teva USA and Watson deny any and all remaining allegations of Paragraph 42.

**COUNT I – INFRINGEMENT OF THE '708 PATENT (WATSON'S '327 ANDA PRODUCT)**

**43. Merck incorporates each of the preceding paragraphs 1–42 as if fully set forth herein.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Teva USA and Watson restate and incorporate by reference each of its responses to Paragraphs 1-42, as if fully set forth herein.

**44. In Watson's '327 Notice Letter, Defendants notified Merck of the submission of Watson's '327 ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Watson's '327 ANDA Product prior to the expiration of the '708 patent.**

**ANSWER**: Paragraph 44 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Watson admits that Watson's '327 Notice Letter to Merck states that Watson submitted its '327 ANDA to the FDA to obtain approval to engage in the commercial manufacture, use or sale of Watson's '327 ANDA Product prior to the expiration of the '708 patent. Teva USA and Watson deny any and all remaining allegations of Paragraph 44.

**45. In Watson's '327 Notice Letter, Defendants also notified Merck that, as part of its ANDA, Defendants had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the '708 patent. On information and belief, Defendants submitted Watson's '327 ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Watson's '327 ANDA Product.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent that an answer is required, Watson admits that Watson's '327 Notice Letter to Merck states that Watson certifies, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that in its opinion and to the best

of its knowledge, the ’708 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Watson’s ’327 ANDA Product. Teva USA and Watson deny any and all remaining allegations of Paragraph 45.

**46. In Watson’s ’327 Notice Letter, Defendants stated that Watson’s ’327 ANDA Product contains sitagliptin phosphate as an active ingredient.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Watson admits that Watson’s ’327 Notice Letter states that Watson’s ’327 ANDA Product is Sitagliptin Phosphate, 25 mg, 50 mg and 100 mg, tablets. Teva USA and Watson deny any and all remaining allegations of Paragraph 44.

**47. Watson’s ’327 ANDA Product, and the use of Watson’s ’327 ANDA Product, are covered by one or more claims of the ’708 patent, including at least claim 1 of the ’708 patent, because claim 1 of the ’708 patent covers the sitagliptin phosphate contained in Watson’s ’327 ANDA Product.**

**ANSWER**: Paragraph 47 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**48. In Watson’s ’327 Notice Letter, Defendants did not contest infringement of claim 1 of the ’708 patent.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent that an answer is required, Watson admits that Watson's '327 Notice Letter to Merck states that Watson certifies, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that in its opinion and to the best of its knowledge, the '708 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Watson's '327 ANDA Product. Teva USA and Watson deny any and all remaining allegations of Paragraph 48.

**49. Defendants' submission of Watson's '327 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Watson's '327 ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).**

**ANSWER**: Paragraph 49 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Watson admits that its '327 Notice Letter to Merck states that Watson certifies, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that in its opinion and to the best of its knowledge, the '708 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Watson's '327 ANDA Product. Teva USA and Watson deny any and all remaining allegations of Paragraph 49.

**50. On information and belief, Defendants will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Watson's '327 ANDA Product immediately and imminently upon approval of its ANDA.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent that an answer is required, Watson admits that Watson's '327 ANDA seeks FDA approval to engage in the commercial manufacture, use, and sale of the '327 ANDA Product. Teva USA and Watson deny any and all remaining allegations of Paragraph 50.

**51. The manufacture, use, sale, offer for sale, or importation of Watson's '327 ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.**

**ANSWER**: Paragraph 51 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**52. On information and belief, the manufacture, use, sale, offer for sale, or importation of Watson's '327 ANDA Product in accordance with, and as directed by its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.**

**ANSWER**: Paragraph 52 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered

on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**53. On information and belief, Defendants plan and intend to, and will, actively induce infringement of the ’708 patent when Watson’s ’327 ANDA is approved, and plan and intend to, and will, do so immediately and imminently upon approval. Defendants’ activities will be done with knowledge of the ’708 patent and specific intent to infringe that patent.**

**ANSWER**: Paragraph 53 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**54. On information and belief, Defendants know that Watson’s ’327 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the ’708 patent, that Watson’s ’327 ANDA Product is not a staple article or commodity of commerce, and that Watson’s ’327 ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Defendants plan and intend to, and will, contribute to infringement of the ’708 patent immediately and imminently upon approval of Watson’s ’327 ANDA.**

**ANSWER**: Paragraph 54 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations

are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**55. Notwithstanding Defendants' knowledge of the claims of the '708 patent, Defendants have continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Watson's '327 ANDA Product with its product labeling following FDA approval of Watson's '327 ANDA prior to the expiration of the '708 patent.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Watson admits that Watson's '327 ANDA seeks FDA approval to engage in the commercial manufacture, use, and sale of Watson's '327 ANDA Product. Further answering, Watson admits that it was aware of the '708 patent when it submitted its '327 ANDA. Teva USA and Watson deny any and all remaining allegations of Paragraph 55.

**56. The foregoing actions by Defendants constitute and/or will constitute infringement of the '708 patent; active inducement of infringement of the '708 patent; and contribution to the infringement by others of the '708 patent.**

**ANSWER**: Paragraph 56 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**57. On information and belief, Defendants have acted with full knowledge of the ’708 patent and without a reasonable basis for believing that Defendants would not be liable for infringement of the ’708 patent; active inducement of infringement of the ’708 patent; and/or contribution to the infringement by others of the ’708 patent.**

**ANSWER**: Paragraph 57 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Watson admits that it was aware of the ’708 patent when it submitted its ’327 ANDA. Teva USA and Watson deny any and all remaining allegations of Paragraph 57.

**58. Merck will be substantially and irreparably damaged by infringement of the ’708 patent.**

**ANSWER**: Paragraph 58 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**59. Unless Defendants are enjoined from infringing the ’708 patent, actively inducing infringement of the ’708 patent, and contributing to the infringement by others of the ’708 patent, Merck will suffer irreparable injury. Merck has no adequate remedy at law.**

**ANSWER**: Paragraph 59 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered

on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '708 PATENT (WATSON'S '327 ANDA PRODUCT)**

**60. Merck incorporates each of the preceding paragraphs 1–59 as if fully set forth herein.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Teva USA and Watson restate and incorporate by reference each of their responses to Paragraphs 1-59, as if fully set forth herein.

**61. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Defendants on the other regarding Defendants' infringement, active inducement of infringement, and contribution to the infringement by others of the '708 patent.**

**ANSWER**: Paragraph 61 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is

required, Teva USA and Watson admit that the Complaint purports to state claims arising under 28 U.S.C. §§ 2201 and 2202. Teva USA and Watson deny any and all remaining allegations of Paragraph 61.

**62. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Watson's '327 ANDA Product with its proposed labeling, or any other drug product of Defendants that is covered by or whose use is covered by the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '708 patent, and that the claims of the '708 patent are valid.**

**ANSWER**: Paragraph 62 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**COUNT III – INFRINGEMENT OF THE '708 PATENT**
**(WATSON'S '365 ANDA PRODUCT)**

**63. Merck incorporates each of the preceding paragraphs 1–62 as if fully set forth herein.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Teva USA and Watson restate and incorporate by reference each of their responses to Paragraphs 1-62, as if fully set forth herein.

**64. In Watson's First '365 Notice Letter, Defendants notified Merck of the submission of Watson's '365 ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Watson's '365 ANDA Product prior to the expiration of the '708 patent.**

**ANSWER**: Paragraph 64 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Watson admits that Watson's First '365 Notice Letter to Merck states that Watson seeks approval to engage in commercial manufacture, use, or sale of Watson's '365 ANDA Product prior to the expiration of the '708 patent. Teva USA and Watson deny any and all remaining allegations of Paragraph 64.

**65. In Watson's First '365 Notice Letter, Defendants also notified Merck that, as part of its ANDA, Defendants had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the '708 patent. On information and belief, Defendants submitted Watson's '365 ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Watson's '365 ANDA Product.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Watson admits that Watson's First '365 Notice Letter to Merck states that Watson certifies, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that in its opinion and to the best of its knowledge, the '708

patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Watson's '365 ANDA Product. Teva USA and Watson deny any and all remaining allegations of Paragraph 65.

**66. In Watson's First '365 Notice Letter, Defendants stated that Watson's '365 ANDA Product contains sitagliptin phosphate as an active ingredient.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Watson admits that Watson's First '365 Notice Letter states that Watson's '365 ANDA Product is Sitagliptin Phosphate and Metformin Hydrochloride, 50 mg/500 mg and 50 mg/1000 mg, tablets. Teva USA and Watson deny any and all remaining allegations of Paragraph 66.

**67. Watson's '365 ANDA Product, and the use of Watson's '365 ANDA Product, are covered by one or more claims of the '708 patent, including at least claim 1 of the '708 patent, because claim 1 of the '708 patent covers the sitagliptin phosphate contained in Watson's '365 ANDA Product.**

**ANSWER**: Paragraph 67 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**68. In Watson's First '365 Notice Letter, Defendants did not contest infringement of claim 1 of the '708 patent.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Watson admits that Watson's First '365 Notice Letter to Merck states that Watson certifies, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that in its opinion and to the best of its knowledge, the '708 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Watson's '365 ANDA Product. Teva USA and Watson deny any and all remaining allegations of Paragraph 68.

**69. Defendants' submission of Watson's '365 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Watson's '365 ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).**

**ANSWER**: Paragraph 69 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Watson admits that Watson's '365 Notice Letter to Merck states that Watson certifies, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that in its opinion and to the best of its knowledge, the '708 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Watson's '365 ANDA Product. Teva USA and Watson deny any and all remaining allegations of Paragraph 69.

**70. On information and belief, Defendants will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Watson's '365 ANDA Product immediately and imminently upon approval of its ANDA.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Watson admits that Watson's '365 ANDA seeks FDA approval to engage in the commercial manufacture, use, and sale of Watson's '365 ANDA Product. Teva USA and Watson deny any and all remaining allegations of Paragraph 70.

**71. The manufacture, use, sale, offer for sale, or importation of Watson's '365 ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.**

**ANSWER**: Paragraph 71 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**72. On information and belief, the manufacture, use, sale, offer for sale, or importation of Watson's '365 ANDA Product in accordance with, and as directed by its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.**

**ANSWER**: Paragraph 72 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered

on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**73. On information and belief, Defendants plan and intend to, and will, actively induce infringement of the ’708 patent when Watson’s ’365 ANDA is approved, and plan and intend to, and will, do so immediately and imminently upon approval. Defendants’ activities will be done with knowledge of the ’708 patent and specific intent to infringe that patent.**

**ANSWER**: Paragraph 73 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**74. On information and belief, Defendants know that Watson’s ’365 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the ’708 patent, that Watson’s ’365 ANDA Product is not a staple article or commodity of commerce, and that Watson’s ’365 ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Defendants plan and intend to, and will, contribute to infringement of the ’708 patent immediately and imminently upon approval of Watson’s ’365 ANDA.**

**ANSWER**: Paragraph 74 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations

are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**75. Notwithstanding Defendants' knowledge of the claims of the '708 patent, Defendants have continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Watson's '365 ANDA Product with its product labeling following upon FDA approval of Watson's '365 ANDA prior to the expiration of the '708 patent.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Watson admits that Watson's '365 ANDA seeks FDA approval to engage in the commercial manufacture, use, and sale of Watson's '365 ANDA Product. Further answering, Watson admits that it was aware of the '708 patent when it submitted its '365 ANDA. Teva USA and Watson deny any and all remaining allegations of Paragraph 75.

**76. The foregoing actions by Defendants constitute and/or will constitute infringement of the '708 patent; active inducement of infringement of the '708 patent; and contribution to the infringement by others of the '708 patent.**

**ANSWER**: Paragraph 76 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**77. On information and belief, Defendants have acted with full knowledge of the ’708 patent and without a reasonable basis for believing that Defendants would not be liable for infringement of the ’708 patent; active inducement of infringement of the ’708 patent; and/or contribution to the infringement by others of the ’708 patent.**

**ANSWER**: Paragraph 77 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**78. Merck will be substantially and irreparably damaged by infringement of the ’708 patent.**

**ANSWER**: Paragraph 78 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**79. Unless Defendants are enjoined from infringing the ’708 patent, actively inducing infringement of the ’708 patent, and contributing to the infringement by others of the ’708 patent, Merck will suffer irreparable injury. Merck has no adequate remedy at law.**

**ANSWER**: Paragraph 79 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd.,

no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’708 PATENT (WATSON’S ’365 ANDA PRODUCT)**

**80. Merck incorporates each of the preceding paragraphs 1–79 as if fully set forth herein.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Teva USA and Watson restate and incorporate by reference each of their responses to Paragraphs 1-79, as if fully set forth herein.

**81. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Defendants on the other regarding Defendants’ infringement, active inducement of infringement, and contribution to the infringement by others of the ’708 patent.**

**ANSWER**: Paragraph 81 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Watson admits that the Complaint purports to state claims arising under 28 U.S.C.

§§ 2201 and 2202. Teva USA and Watson deny any and all remaining allegations of Paragraph 81.

**82. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Watson's '365 ANDA Product with its proposed labeling, or any other drug product of Defendants that is covered by or whose use is covered by the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '708 patent, and that the claims of the '708 patent are valid.**

**ANSWER**: Paragraph 82 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**COUNT V – INFRINGEMENT OF THE '921 PATENT**
**(WATSON'S '365 ANDA PRODUCT)**

**83. Merck incorporates each of the preceding paragraphs 1–82 as if fully set forth herein.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Teva USA and Watson restate and incorporate by reference each of their responses to Paragraphs 1-82, as if fully set forth herein.

**84. In Watson's Second '365 Notice Letter, Defendants notified Merck of the submission of Watson's '365 ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for**

**sale, sale and/or importation of Watson's '365 ANDA Product prior to the expiration of the '921 patent.**

**ANSWER**: Paragraph 84 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Watson admits that Watson's Second '365 Notice Letter to Merck states that Watson seeks to obtain approval to engage in commercial manufacture, use or sale of Watson's '365 ANDA Product before the expiration of the '921 patent. Teva USA and Watson deny any and all remaining allegations of Paragraph 84.

**85. In Watson's Second '365 Notice Letter, Defendants also notified Merck that, as part of its ANDA, Defendants had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the '921 patent. On information and belief, Defendants submitted Watson's '365 ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '921 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Watson's '365 ANDA Product.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Watson admits that Watson's Second '365 Notice Letter to Merck states that Watson's '365 ANDA has been amended to contain an amended Paragraph IV certification asserting that the '921 patent claims are invalid, unenforceable and/or will not be infringed by the commercial manufacture,

use or sale of Watson's '365 ANDA product. Teva USA and Watson deny any and all remaining allegations of Paragraph 85.

**86. Watson's '365 ANDA Product, and the use of Watson's '365 ANDA Product, are covered by one or more claims of the '921 patent, including at least claim 1 of the '921 patent, because the composition of Watson's '365 ANDA Product includes the same or equivalent ingredients as recited in claim 1 of the '921 patent in the same or equivalent amounts.**

**ANSWER**: Paragraph 86 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**87. In Watson's Second '365 Notice Letter, Defendants did not contest infringement of claim 1 of the '921 patent.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Watson admits that Watson's Second '365 Notice Letter to Merck states that the '921 patent claims are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use or sale of Watson's '365 ANDA product. Teva USA and Watson deny any and all remaining allegations of Paragraph 87.

**88. Defendants' submission of Watson's '365 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale,**

**and/or importation of Watson's '365 ANDA Product before the expiration of the '921 patent was an act of infringement of the '921 patent under 35 U.S.C. § 271(e)(2)(A).**

**ANSWER**: Paragraph 88 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Watson admits that Watson's Second '365 Notice Letter to Merck states that the '921 patent claims are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use or sale of Watson's '365 ANDA product. Teva USA and Watson deny any and all remaining allegations of Paragraph 88.

**89. On information and belief, Defendants will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Watson's '365 ANDA Product immediately and imminently upon approval of its ANDA.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Watson admits that Watson's '365 ANDA seeks FDA approval to engage in the commercial manufacture, use, and sale of Watson's '365 ANDA Product. Teva USA and Watson deny any and all remaining allegations of Paragraph 89.

**90. The manufacture, use, sale, offer for sale, or importation of Watson's '365 ANDA Product would infringe one or more claims of the '921 patent, including at least claim 1 of the '921 patent.**

**ANSWER**: Paragraph 90 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**91. On information and belief, the manufacture, use, sale, offer for sale, or importation of Watson's '365 ANDA Product in accordance with, and as directed by its proposed product labeling would infringe one or more claims of the '921 patent, including at least claim 1 of the '921 patent.**

**ANSWER**: Paragraph 91 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**92. On information and belief, Defendants plan and intend to, and will, actively induce infringement of the '921 patent when Watson's '365 ANDA is approved, and plan and intend to, and will, do so immediately and imminently upon approval. Defendants' activities will be done with knowledge of the '921 patent and specific intent to infringe that patent.**

**ANSWER**: Paragraph 92 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are

directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**93. On information and belief, Defendants know that Watson's '365 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '921 patent, that Watson's '365 ANDA Product is not a staple article or commodity of commerce, and that Watson's '365 ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Defendants plan and intend to, and will, contribute to infringement of the '921 patent immediately and imminently upon approval of Watson's '365 ANDA.**

**ANSWER**: Paragraph 93 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**94. Notwithstanding Defendants' knowledge of the claims of the '921 patent, Defendants have continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Watson's '365 ANDA Product with its product labeling following upon FDA approval of Watson's '365 ANDA prior to the expiration of the '921 patent.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Watson admits that Watson's '365 ANDA seeks FDA approval to engage in the commercial manufacture, use, and sale of Watson's '365 ANDA Product. Further answering, Watson admits

that it was aware of the ’921 patent when it submitted its ’365 ANDA. Teva USA and Watson deny any and all remaining allegations of Paragraph 94.

**95. The foregoing actions by Defendants constitute and/or will constitute infringement of the ’921 patent; active inducement of infringement of the ’921 patent; and contribution to the infringement by others of the ’921 patent.**

**ANSWER**: Paragraph 95 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**96. On information and belief, Defendants have acted with full knowledge of the ’921 patent and without a reasonable basis for believing that Defendants would not be liable for infringement of the ’921 patent; active inducement of infringement of the ’921 patent; and/or contribution to the infringement by others of the ’921 patent.**

**ANSWER**: Paragraph 96 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**97. Merck will be substantially and irreparably damaged by infringement of the ’921 patent.**

**ANSWER**: Paragraph 97 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered

on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

**98. Unless Defendants are enjoined from infringing the ’921 patent, actively inducing infringement of the ’921 patent, and contributing to the infringement by others of the ’921 patent, Merck will suffer irreparable injury. Merck has no adequate remedy at law.**

**ANSWER**: Paragraph 98 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

## COUNT VI – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’921 PATENT (WATSON’S ’365 ANDA PRODUCT)

**99. Merck incorporates each of the preceding paragraphs 1–98 as if fully set forth herein.**

**ANSWER**: Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. Teva USA

and Watson restate and incorporate by reference each of their responses to Paragraphs 1-98, as if fully set forth herein.

**100. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Defendants on the other regarding Defendants' infringement, active inducement of infringement, and contribution to the infringement by others of the '921 patent.**

**ANSWER**: Paragraph 100 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required, Teva USA and Watson admit that the Complaint purports to state claims arising under 28 U.S.C. §§ 2201 and 2202. Teva USA and Watson deny any and all remaining allegations of Paragraph 100.

**101. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Watson's '365 ANDA Product with its proposed labeling, or any other drug product of Defendants that is covered by or whose use is covered by the '921 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '921 patent, and that the claims of the '921 patent are valid.**

**ANSWER**: Paragraph 101 contains legal conclusions and allegations to which no answer is required. Teva Ltd. was dismissed from this case pursuant to a Stipulation and Order entered on April 23, 2019. (Dkt. No. 14). To the extent that these allegations are directed to Teva Ltd., no response is required from Teva USA or Watson. To the extent that these allegations are directed to Watson, no response is required from Teva USA. To the extent that these allegations are directed to Teva USA, no response is required from Watson. To the extent an answer is required from Teva USA and/or Watson, denied.

## PRAYER FOR RELIEF

Teva USA and Watson deny any and all allegations not expressly admitted herein. Teva USA and Watson further deny that Plaintiff is entitled to any of the relief requested or to any relief whatsoever. Teva USA and Watson respectfully request that the Court: (a) dismiss this action with prejudice; (b) enter judgment in favor of Teva USA and Watson; (c) award Teva USA and Watson their reasonable attorneys' fees and costs incurred in defending this action pursuant to 35 U.S.C. § 285; and (d) award Teva USA and Watson such further relief as the Court deems just and appropriate.

## DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The manufacture, use, sale, offer for sale, and/or importation of (a) sitagliptin phosphate oral tablets, and (b) metformin hydrochloride; sitagliptin phosphate oral tablets that are the subject of Watson's ANDAs has not infringed, does not infringe, and will not – if made, used, sold, offered for sale, or imported – infringe, either directly or indirectly, any valid and/or enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents.

### Third Defense

Teva USA and Watson have not induced, do not induce, and will not induce infringement of any valid and/or enforceable claim of the patents-in-suit.

### Fourth Defense

Teva USA and Watson have not contributed to, do not contribute to, and will not contribute to infringement of any valid and/or enforceable claim of the patents-in-suit.

## Fifth Defense

The claims of the ’708 and ’921 patents are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, and/or for double-patenting.

## Reservation of Additional Affirmative Defenses

Any additional defenses or counterclaims that discovery may reveal, including unenforceability.

*       *       *

## COUNTERCLAIMS

Defendants/Counterclaim-Plaintiffs Watson Laboratories, Inc. (“Watson”) and Teva Pharmaceuticals USA, Inc. (“Teva USA”) (collectively, “Counterclaim Plaintiffs”) for their Counterclaims against Plaintiff/Counterclaim-Defendant Merck Sharp & Dohme (“Merck” or “Plaintiff”), without admitting any of the allegations of Merck other than those expressly admitted herein, and without prejudice of the rights of Counterclaim Plaintiffs to plead additional Counterclaims as the facts of the matter warrant, alleges as follows:

## THE PARTIES

**1.** Watson Laboratories, Inc. (“Watson”) is a corporation organized and existing under the laws of State of Nevada, having its principal place of business at Morris Corporate Center III, 400 Interspace Parkway, Parsippany, New Jersey 07054.

**2.** Teva Pharmaceuticals USA, Inc. (“Teva USA”) is a corporation organized and existing under the laws of State of Delaware, having a principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454.

**3.** On information and belief, Merck is a company organized and existing under the laws of the State of New Jersey having its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

## JURISDICTION

**4.** These Counterclaims arise under the Patent Law of the United States, 35 U.S.C. § 1 et seq.; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066 (2003) ("MMA") (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

**5.** This Court has original jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a); under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and under the MMA (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

**6.** This Court has personal jurisdiction over Merck because Merck has availed itself of the rights and privileges – and subjected itself to the jurisdiction – of this forum by suing Watson and Teva USA in this District in this case, and/or because Merck conducts substantial business in, and has regular and systematic contacts with, this District.

**7.** Venue is proper in this District under 28 U.S.C. §§ 1391, 1400, and/or 21 U.S.C. § 355 and by virtue of Merck having filed the complaint to which this is a counterclaim.

## FACTUAL BACKGROUND

### JANUVIA® (sitagliptin phosphate)

**8.** Counterclaim-Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-7 as though fully set forth herein.

**9.** According to the United States Food & Drug Administration ("FDA") publication titled Approved Drug Products and Therapeutic Equivalence Evaluations (the "Orange Book"), Merck is the holder of approved New Drug Application ("NDA") No. 021995, under which the

FDA granted approval for sitagliptin phosphate oral tablets (25, 50, 100 mg Eq. Base) marketed in the United States under the trade name JANUVIA®.

**10.** NDA holders are required to disclose to the FDA the patent numbers of patents claiming the drug or the method of using such drug for which the NDA is submitted. The FDA lists these patents in the Orange Book.

**11.** The Orange Book lists, *inter alia*, U.S. Patent No. 7,326,708 ("'708 patent" or "patent-in-suit") in association with NDA No. 021995, for sitagliptin phosphate oral tablets (25, 50, 100 mg Eq. Base).

**JANUMET® (metformin hydrochloride; sitagliptin phosphate)**

**12.** Counterclaim-Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-11 as though fully set forth herein.

**13.** According to the Orange Book, Merck is the holder of NDA No. 022044, under which the FDA granted approval for metformin hydrochloride; sitagliptin phosphate oral tablets (1 gm; Eq. 50 mg base & 500 mg; Eq. 50 mg Base) marketed in the United States under the trade name JANUMET®.

**14.** The Orange Book lists, *inter alia*, the '708 patent and U.S. Patent No. 8,414,921 ("the '921 patent"), in association with NDA No. 022044 for metformin hydrochloride; sitagliptin phosphate oral tablets (1 gm; Eq. 50 mg base & 500 mg; Eq. 50 mg Base).

**Patents-in-Suit**

**15.** Counterclaim-Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-14 as though fully set forth herein.

**16.** On or about February 5, 2008, the United States Patent and Trademark Office ("PTO") issued the '708 patent, titled "Phosphoric Acid Salt Of A Dipeptidyl Peptidase-IV

Inhibitor," to Stephen Howard Cypes, Alex Minhua Chen, Russell R. Ferlita, Karl Hansen, Ivan Lee, Vicky K. Vydra, and Robert M. Wenslow, Jr.

**17.** Merck & Co., Inc. is listed as an "assignee" in the PTO's online records as well as on the face of the '708 patent.

**18.** Merck purports and claims to be the owner and assignee of the '708 patent.

**19.** By listing the '708 patent in the Orange Book, Merck maintains that an infringement suit can reasonably be asserted against any Abbreviated New Drug Application ("ANDA") applicant – including Watson – that attempts to seek approval for the commercial manufacture, use, and sale of versions of JANUVIA® and JANUMET® before the expiration of the '708 patent.

**20.** On or about April 9, 2013, the United States PTO issued the '921 patent, titled "Phosphoric Acid Salt of a Dipeptidyl Peptidase-IV Inhibitor," to Ashkan Kamali, Laman Alani, Kyle A. Fliszar, Soumojeet Ghosh, and Monica Tijerina.

**21.** Merck & Co., Inc. is listed as an "assignee" in the PTO's online records as well as on the face of the '921 patent.

**22.** Merck purports and claims to be the owner and assignee of the '921 patent.

**23.** By listing the '921 patent in the Orange Book, Merck maintains that an infringement suit can reasonably be asserted against any ANDA applicant – including Watson – that attempts to seek approval for the commercial manufacture, use, and sale of versions JANUMET® before the expiration of the '021 patent.

**Watson's ANDA for sitagliptin phosphate oral tablets**

**24.** Counterclaim-Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-23 as though fully set forth herein.

**25.** Watson filed ANDA No. 202327 ("Watson's '327 ANDA") with the FDA seeking approval for sitagliptin phosphate oral tablets, 25 mg, 50 mg and 100 mg ("Watson's '327 ANDA Product").

**26.** The Watson '327 ANDA seeks FDA approval to commercially manufacture, use, and sell Watson '327 ANDA Product prior to the expiration of the '708 patent.

**27.** Watson's '327 ANDA includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that the '708 patent is invalid and/or will not be infringed by the manufacture, use, importation, sale or offer for sale of Watson's '387 ANDA Product.

**28.** Watson sent notice of the Paragraph IV certification regarding the '708 patent to Merck ("Watson's '327 Notice Letter"), and provided a detailed statement of the factual and legal basis for Watson's opinion the claims of the '708 patent will not be infringed by the manufacture, use or sale of Watson's '327 ANDA product.

**29.** Watson's '327 Notice Letter also contained an Offer of Confidential Access pursuant to 21 U.S.C. § 355(j)(C)(i)(III) to allow Merck the opportunity to review relevant portions of Watson's '327 ANDA.

**<u>Watson's ANDA for metformin hydrochloride; sitagliptin phosphate oral tablets</u>**

**30.** Counterclaim-Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-29 as though fully set forth herein.

**31.** Watson filed ANDA No. 202365 ("Watson's '365 ANDA") with the FDA seeking approval for metformin hydrochloride; sitagliptin phosphate oral tablets, 50 mg/500 mg and 50 mg/1000 mg ("Watson's '365 ANDA Product").

**32.** Watson's '365 ANDA seeks FDA approval to commercially manufacture, use, and sell Watson's '365 ANDA Product prior to the expiration of the '708 and '921 patents.

**33.** Watson's '365 ANDA also includes a Paragraph IV Certification that the '708 and '921 patents are invalid and/or will not be infringed by the manufacture, use, importation, sale or offer for sale of Watson's '365 ANDA Product.

**34.** Watson sent notice of the Paragraph IV certification regarding the '708 patent to Merck Plaintiff ("Watson's First '365 Notice Letter"), and provided a detailed statement of the factual and legal basis for Watson's opinion that the claims of the '708 patent will not be infringed by the manufacture, use or sale of '365 ANDA Product.

**35.** Watson also sent notice of amended Paragraph IV certification regarding the '921 patent to Merck ("Watson's Second '365 Notice Letter"), and provided a detailed statement of the factual and legal basis for Watson's opinion that the claims of the '921 patent will not be infringed by the manufacture, use or sale of '365 ANDA Product.

**36.** Watson's First and Second '365 Notice Letters also contained an Offer of Confidential Access pursuant to 21 U.S.C. § 355(j)(C)(i)(III) to allow Merck the opportunity to review the relevant portions of Watson's '365 ANDA.

**37.** On or about February 13, 2019, Merck sued Watson Laboratories, Inc. and Teva Pharmaceuticals USA, Inc. in this District, for alleged infringement of the '708 and '921 patents.

**38.** Plaintiff has alleged in the present action that Watson Laboratories, Inc. and Teva Pharmaceuticals USA, Inc. have infringed and will infringe the '708 and '921 patents by filing Watson's '327 ANDA and Watson's '365 ANDA (collectively "Watson's ANDAs") with the FDA and/or by manufacturing, using, or selling the product described in Watson's ANDAs.

## COUNT I

### Declaratory Judgment of Non-Infringement of the ’708 Patent

**39.** Counterclaim-Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-38 as though fully set forth herein.

**40.** A present, genuine, and justiciable controversy exists between Counterclaim-Plaintiffs and Merck regarding, *inter alia*, whether the manufacture, use, offer for sale, sale, and/or importation of Watson’s ’327 ANDA Product and Watson’s ’365 ANDA Product (collectively “Watson’s ANDA Products”) described in the Watson ANDAs would infringe any valid or enforceable claim of the ’708 patent, either directly or indirectly, that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

**41.** The manufacture, use, offer for sale, sale, and/or importation of Watson’s ANDA Products described in Watson’s ANDAs would not infringe any valid or enforceable claim of the ’708 patent, either directly or indirectly.

**42.** Counterclaim-Plaintiffs are entitled to a declaration that they have not infringed, are not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, one or more valid or enforceable claims of the ’708 patent.

## COUNT II

### Declaratory Judgment of Invalidity of the ’708 Patent

**43.** Counterclaim-Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-42 as though fully set forth herein.

**44.** A present, genuine, and justiciable controversy exists between Counterclaim-Plaintiffs and Merck regarding, *inter alia*, the invalidity of the ’708 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

**45.** In accordance with 21 U.S.C. § 355(j)(2)(B), the Notice Letters of Watson's ANDAs included a detailed statement of factual and legal bases for why one or more claims of the '708 patent are invalid.

**46.** Upon information and belief, the claims of the '708 patent are invalid for failure to comply with one or more provisions of 35 U.S.C. § 100 et seq., including but not limited to, §§ 101, 102, 103, and/or 112, the doctrine of obviousness-type double-patenting, and/or judicially created doctrines of invalidity or unenforceability.

**47.** By way of non-limiting examples, one or more claims of the '708 patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in view of prior art to the '708 patent. Non-limiting examples of such art include U.S. Patent Publication 2003/0100563; U.S. Patent No. 6,699,871 ("the '871 patent"); and patent publication WO 03/004498, in addition to the knowledge of a person of ordinary skill in the art and the state of the art.

**48.** In addition, the claims of the '708 patent are invalid under the doctrine of obviousness-type double-patenting in view of at least the '871 patent.

**49.** Counterclaim-Plaintiffs are entitled to a judicial declaration that the '708 patent is invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code and/or for double-patenting.

## COUNT III

### Declaratory Judgment of Non-Infringement of the '921 Patent

**50.** Counterclaim-Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-37 as though fully set forth herein.

**51.** A present, genuine, and justiciable controversy exists between Defendants and Merck regarding, *inter alia*, whether the manufacture, use, offer for sale, sale, and/or importation of Watson's '365 ANDA Product described in the Watson '365 ANDA would infringe any valid or enforceable claim of the '921 patent, either directly or indirectly, that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

**52.** The manufacture, use, offer for sale, sale, and/or importation of Watson's ANDA Product described in Watson's '365 ANDA would not infringe any valid or enforceable claim of the '921 patent, either directly or indirectly.

**53.** The manufacture, use, offer for sale, sale, and/or importation of Watson's '365 ANDA Product described in Watson's '365 ANDA would not infringe any valid or enforceable claim of the '921 patent, either directly or indirectly.

**54.** Counterclaim-Plaintiffs are entitled to a declaration that they have not infringed, are not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, one or more valid or enforceable claims of the '921 patent.

**55.** Counterclaim-Plaintiffs are entitled to a declaration that they have not infringed, are not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, one or more valid or enforceable claims of the '921 patent.

## COUNT IV

### Declaratory Judgment of Invalidity of the '921 Patent

**56.** Counterclaim-Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-55 as though fully set forth herein.

**57.** A present, genuine, and justiciable controversy exists between Counterclaim-Plaintiffs and Merck regarding, *inter alia*, the invalidity of the ’921 patent that is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

**58.** In accordance with 21 U.S.C. § 355(j)(2)(B), Watson’s Second ’365 Notice Letter included a detailed statement of factual and legal bases for why one or more claims of the ’921 patent are invalid.

**59.** Upon information and belief, the claims of the ’921 patent are invalid for failure to comply with one or more provisions of 35 U.S.C. § 100 et seq., including but not limited to, §§ 101, 102, 103, and/or 112, the doctrine of obviousness-type double-patenting, and/or judicially created doctrines of invalidity or unenforceability.

**60.** By way of non-limiting example, one or more claims of the ’921 patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in view of prior art to the ’921 patent. Non-limiting examples of such art include patent publication W02003/004498; U.S. Patent Publication 2009/0253752; U.S. Patent Publication 2007/0254944; and U.S. Patent No. 6,099,862, in addition to the knowledge of a person of ordinary skill in the art and the state of the art.

**61.** Counterclaim-Plaintiffs are entitled to a judicial declaration that the ’921 patent is invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code and/or for double-patenting.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Counterclaim-Plaintiffs respectfully pray for judgment in their favor and against Plaintiff:

(a) Declaring that the filing of Watson’s ANDAs did not infringe one or more valid and enforceable claims of the ’708 patent;

(b) Declaring that the filing of Watson's ANDAs did not infringe one or more valid and enforceable claims of the '921 patent;

(c) Declaring that the manufacture, use, sale, offer for sale, and/or importation of Watson's ANDA Products described in Watson's ANDAs has not infringed, does not infringe, and would not – if manufactured, used, sold, offered for sale, and/or imported – infringe, either directly or indirectly, any valid and/or enforceable claim of the '708 patent, either literally or under the doctrine of equivalents;

(d) Declaring that the manufacture, use, sale, offer for sale, and/or importation of Watson's ANDA Products described in Watson's ANDAs has not infringed, does not infringe, and would not – if manufactured, used, sold, offered for sale, and/or imported – infringe, either directly or indirectly, any valid and/or enforceable claim of the '921 patent, either literally or under the doctrine of equivalents;

(e) Declaring that the claims of the '708 patent are invalid;

(f) Declaring that the claims of the '921 patent are invalid;

(g) Ordering that Merck's Complaint be dismissed with prejudice and judgment entered in favor of Defendants;

(h) Denying Merck any of the relief it requests in the Complaint;

(i) Declaring this case exceptional and awarding Counterclaim-Plaintiffs their reasonable attorneys' fees and costs of these Counterclaims under 35 U.S.C. § 285; and

(j) Awarding Counterclaim-Plaintiffs such other and further relief as the Court may deem just and proper.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

/s/ Dominick T. Gattuso
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorney for Defendants*

Dated: April 30, 2019