**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MERCK SHARP & DOHME CORP.,<br><br>*Plaintiff,*<br><br>v.<br><br>WATSON LABORATORIES, INC. and TEVA PHARMACEUTICALS USA, INC.,<br><br>*Defendant.* | C.A. No. 19-317-RGA |

**ANSWER TO COUNTERCLAIMS OF
<u>WATSON LABORATORIES, INC. AND TEVA PHARMACEUTICALS USA, INC.</u>**

Plaintiff and Counterclaim Defendant Merck Sharp & Dohme Corp. ("Merck"), by its attorneys, hereby answers the counterclaims of Defendants and Counterclaim Plaintiffs Watson Laboratories, Inc. ("Watson") and Teva Pharmaceuticals USA, Inc. ("Teva," collectively, "Counterclaim Plaintiffs").

**<u>COUNTERCLAIMS</u>**

1. On information and belief, Merck admits the allegations of Paragraph 1.

2. On information and belief, Merck admits the allegations of Paragraph 2.

3. Merck admits the allegations of Paragraph 3.

**<u>JURISDICTION</u>**

4. The allegations of Paragraph 4 set forth legal conclusions to which no response is required. To the extent a response is required, Merck admits that Counterclaim-Plaintiffs' counterclaims purport to arise under the Patent Law of the United States, 35 U.S.C. § 1 et seq.; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Medicare Prescription

Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066 (2003) ("MMA") (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

5. The allegations of Paragraph 5 set forth legal conclusions to which no response is required. To the extent a response is required, Merck does not contest that this Court has subject matter jurisdiction over this action.

6. The allegations of Paragraph 6 set forth legal conclusions to which no response is required. To the extent a response is required, Merck does not contest personal jurisdiction for the purposes of this action only.

7. The allegations of Paragraph 7 set forth legal conclusions to which no response is required. To the extent a response is required, Merck admits that this District is a proper venue for this action.

## FACTUAL BACKGROUND

## JANUVIA® (sitagliptin phosphate)

8. Merck incorporates by reference Paragraphs 1–7 as though fully set forth herein.

9. Merck admits that it is the holder of approved New Drug Application ("NDA") No. 21995 for JANUVIA® (sitagliptin phosphate), which has been approved by the U.S. Food and Drug Administration ("FDA").

10. The allegations of Paragraph 10 set forth legal conclusions to which no response is required.

11. Merck admits that U.S. Patent No. 7,326,708 ("the '708 patent") is listed in the Orange Book in connection with JANUVIA®.

## JANUMET® (metformin hydrochloride; sitagliptin phosphate)

12. Merck incorporates by reference Paragraphs 1–11 as though fully set forth herein.

13. Merck admits that it is the holder of NDA No. 022044 for JANUMET® (metformin hydrochloride; sitagliptin phosphate), which has been approved by the FDA.

14. Merck admits that the ’708 patent and U.S. Patent No. 8,414,921 (“the ’921 patent”) are listed in the Orange Book in connection with JANUMET®.

**Patents-in-Suit**

15. Merck incorporates by reference Paragraphs 1–14 as though fully set forth herein.

16. Merck admits that the ’708 patent, titled “Phosphoric acid salt of a dipeptidyl peptidase-IV inhibitor,” was duly and legally issued to Stephen Howard Cypes, Alex Minhua Chen, Russell R. Ferlita, Karl Hansen, Ivan Lee, Vicky K. Vydra, and Robert M. Wenslow, Jr. on February 5, 2008.

17. Merck admits that it is an assignee of the ’708 patent.

18. Merck admits that it is the owner and assignee of the ’708 patent.

19. The allegations of Paragraph 19 set forth legal conclusions to which no response is required. To the extent a response is required, Merck admits that it can bring an infringement action against Watson for attempting to seek approval for the commercial manufacture, use, and sale or versions of JANUVIA® and JANUMET® before the expiration of the ’708 patent.

20. Merck admits that the ’921 patent, titled “Phosphoric Acid Salt of a Dipeptitdyl Peptidase-IV Inhibitor,” was duly and legally issued to Ashkan Kamali, Laman Alani, Kyle A. Fliszar, Soumojeet Ghosh, and Monica Tijerina on April 9, 2013.

21. Merck admits that it is an assignee of the ’921 patent.

22. Merck admits that it is the owner and assignee of the ’921 patent.

23. The allegations of Paragraph 23 set forth legal conclusions to which no response is required. To the extent a response is required, Merck admits that it can bring an infringement

action against Watson for attempting to seek approval for the commercial manufacture, use, and sale or versions of JANUMET® before the expiration of the ’921 patent.

**Watson’s ANDA for sitagliptin phosphate oral tablets**

24. Merck incorporates by reference Paragraphs 1–23 as though fully set forth herein.

25. Merck lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 25. Merck admits that, in a letter dated January 6, 2011 (“Watson’s ’327 Notice Letter”), Watson notified Merck that it had submitted to the FDA ANDA No. 202327 (“Watson’s ’327 ANDA”), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic sitagliptin phosphate oral tablets (“Watson’s ’327 ANDA Product”) prior to the expiration of the ’708 patent.

26. Merck lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 26. Merck admits that in Watson’s ’327 Notice Letter, Watson notified Merck that it had submitted to the FDA Watson’s ’327 ANDA, seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of Watson’s ’327 ANDA Product prior to the expiration of the ’708 patent.

27. Merck lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 27. Merck admits that in Watson’s ’327 Notice Letter, Watson notified Merck that Watson’s ’327 ANDA included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the ’708 patent is invalid and/or will not be infringed by the manufacture, use, importation, sale or offer for sale of Watson’s ’327 ANDA Product.

28. Merck admits that in Watson’s ’327 Notice Letter, Watson notified Merck that it had submitted to the FDA Watson’s ’327 ANDA, seeking approval from the FDA to engage in

the commercial manufacture, use, offering for sale, sale, and/or importation of Watson's '327 ANDA Product prior to the expiration of the '708 patent. Merck denies the remaining allegations of Paragraph 28.

29. Merck admits that Watson's '327 Notice Letter purported to include an offer of confidential access pursuant to 21 U.S.C. § 355(j)(C)(i)(III).

**Watson's ANDA for metformin hydrochloride; sitagliptin phosphate oral tablets**

30. Merck incorporates by reference Paragraphs 1–29 as though fully set forth herein.

31. Merck lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 31. Merck admits that, in a letter dated February 7, 2011 ("Watson's First '365 Notice Letter"), Watson notified Merck that it had submitted to the FDA ANDA No. 202365 ("Watson's '365 ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic metformin hydrochloride and sitagliptin phosphate oral tablets ("Watson's '365 ANDA Product") prior to the expiration of the '708 patent. Merck admits that, in a letter dated October 29, 2014 ("Watson's Second '365 Notice Letter"), Watson notified Merck that it had amended Watson's '365 ANDA to additionally seek approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of Watson's '365 ANDA Product prior to the expiration of the '921 patent.

32. Merck lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 32. Merck admits that in Watson's First and Second'365 Notice Letters, Watson notified Merck that it had submitted to the FDA Watson's '365 ANDA, seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale,

and/or importation of Watson's '365 ANDA Product prior to the expiration of the '708 and '921 patents.

33. Merck lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 33. Merck admits that in Watson's First and Second '365 Notice Letters, Watson notified Merck that Watson's '365 ANDA included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '708 and '921 patents are invalid and/or will not be infringed by the manufacture, use, importation, sale or offer for sale of Watson's '365 ANDA Product.

34. Merck admits that in Watson's First '365 Notice Letter, Watson notified Merck that it had submitted to the FDA Watson's '365 ANDA, seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of Watson's '365 ANDA Product prior to the expiration of the '708 patent. Merck denies the remaining allegations of Paragraph 34.

35. Merck admits that in Watson's Second '365 Notice Letter, Watson notified Merck that it had submitted to the FDA Watson's '365 ANDA, seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of Watson's '365 ANDA Product prior to the expiration of the'921 patent. Merck denies the remaining allegations of Paragraph 35.

36. Merck admits that Watson's First and Second '365 Notice Letters purported to include an offer of confidential access pursuant to 21 U.S.C. § 355(j)(C)(i)(III).

37. Merck admits that it filed a Complaint in the present action against Watson Laboratories, Inc. and Teva Pharmaceuticals USA, Inc. on February 13, 2019 and respectfully refers the Court to the Complaint for its actual language and complete content

38. Merck admits that it filed a Complaint in the present action against Watson Laboratories, Inc. and Teva Pharmaceuticals USA, Inc. and respectfully refers the Court to the Complaint for its actual language and complete content.

**COUNT I**
**Declaratory Judgement of Non-Infringement of the ’708 Patent**

39. Merck incorporates by reference Paragraphs 1–38 as though fully set forth herein.

40. The allegations of Paragraph 40 set forth legal conclusions to which no response is required. To the extent a response is required, Merck admits that there is an actual case of controversy between Merck on the one hand and Counterclaim-Plaintiffs on the other regarding Counterclaim-Plaintiffs’ infringement, active inducement of infringement, and contribution to the infringement by others of the ’708 patent.

41. Merck denies the allegations of Paragraph 41.

42. Merck denies the allegations of Paragraph 42.

**COUNT II**
**Declaratory Judgement of Invalidity of the ’708 Patent**

43. Merck incorporates by reference Paragraphs 1–42 as though fully set forth herein.

44. The allegations of Paragraph 44 set forth legal conclusions to which no response is required. To the extent a response is required, Merck admits that there is an actual case of controversy between Merck on the one hand and Counterclaim-Plaintiffs on the other regarding Counterclaim-Plaintiffs’ infringement, active inducement of infringement, and contribution to the infringement by others of the ’708 patent.

45. Merck denies the allegations of Paragraph 45.

46. Merck denies the allegations of Paragraph 46.

47. Merck denies the allegations of Paragraph 47.

48. Merck denies the allegations of Paragraph 48.

49. Merck denies the allegations of Paragraph 49.

**COUNT III**
**Declaratory Judgement of Non-Infringement of the '921 Patent**

50. Merck incorporates by reference Paragraphs 1–49 as though fully set forth herein.

51. The allegations of Paragraph 51 set forth legal conclusions to which no response is required. To the extent a response is required, Merck admits that there is an actual case of controversy between Merck on the one hand and Counterclaim-Plaintiffs on the other regarding Counterclaim-Plaintiffs' infringement, active inducement of infringement, and contribution to the infringement by others of the '921 patent.

52. Merck denies the allegations of Paragraph 52.

53. Merck denies the allegations of Paragraph 53.

54. Merck denies the allegations of Paragraph 54.

55. Merck denies the allegations of Paragraph 55.

**COUNT IV**
**Declaratory Judgement of Invalidity of the '921 Patent**

56. Merck incorporates by reference Paragraphs 1–55 as though fully set forth herein.

57. The allegations of Paragraph 57 set forth legal conclusions to which no response is required. To the extent a response is required, Merck admits that there is an actual case of controversy between Merck on the one hand and Counterclaim-Plaintiffs on the other regarding Counterclaim-Plaintiffs' infringement, active inducement of infringement, and contribution to the infringement by others of the '921 patent.

58. Merck denies the allegations of Paragraph 58.

59. Merck denies the allegations of Paragraph 59.

60. Merck denies the allegations of Paragraph 60.

61. Merck denies the allegations of Paragraph 61.

## RESPONSE TO PRAYER FOR RELIEF

The "WHEREFORE" paragraphs following Paragraph 61 set forth the remainder of Counterclaim-Plaintiffs' request for relief, to which no response is required. To the extent that a response is required, Merck denies the allegations in the "WHEREFORE" paragraphs following Paragraph 61 and denies that Counterclaim-Plaintiffs' are entitled to their requested relief, or any relief whatsoever.

To the extent that a further answer is required to any paragraph of Counterclaim-Plaintiffs' counterclaims, Merck denies all further allegations. Any allegation of Counterclaim-Plaintiffs' counterclaims not expressly admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Counterclaim-Plaintiffs' counterclaims fail to allege facts sufficient to state a cause of action and fail to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Statutory Bar)**

Some or all of the relief requested by Counterclaim-Plaintiffs' counterclaims is barred by 21 U.S.C. § 355(j) *et seq.*

Merck reserves the right to assert further affirmative defenses in the event that discovery indicates that such defenses would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Merck requests the following relief:

(a) An order dismissing each of Counterclaim-Plaintiffs' counterclaims, with prejudice, and denying all relief sought by Watson;

(b) A declaration that this is an exceptional case and an award of attorney's fees pursuant to 35 U.S.C. § 285;

(c) Costs and expenses in this action; and

(d) Such further and other relief as this Court may deem just and proper.

Dated: May 21, 2019

Respectfully submitted,

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
T: (302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff*
*Merck Sharp & Dohme Corp.*

OF COUNSEL:

Bruce R. Genderson
Jessamyn S. Berniker
Stanley E. Fisher
Alexander S. Zolan
Shaun P. Mahaffy
Anthony H. Sheh
Jingyuan Luo*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
T: (202) 434-5000
F: (202) 434-5029
bgenderson@wc.com
jberniker@wc.com
sfisher@wc.com
azolan@wc.com
smahaffy@wc.com
asheh@wc.com
jluo@wc.com

**Admitted only in California. Practice supervised by D.C. Bar members pursuant to D.C. Court of Appeals Rule 49(c)(8).*